ELECTA L. P. WITHAM *vs.* GEORGE W. WITHAM.

One tenant in common cannot maintain replevin for the common property against his co-tenant.

Where the plaintiff fails to sustain an action of replevin on the ground that the parties thereto are co-tenants of the property replevied, the defendant is entitled to a judgment for return.

ON EXCEPTIONS.

REPLEVIN for one mare, wagon, and harness.

Plea, general issue, with a brief statement claiming title to be in the defendant, and not in the plaintiff, and that the plaintiff is the wife of the defendant.

The defendant put in a bill of sale from one Smith to the plaintiff and defendant.

There was no evidence of title in any person other than the parties to the action.

The jury found the parties were co-tenants of the property in controversy, and returned a verdict for the defendant, upon whose

motion the presiding judge ordered a return of the property.   And
thereupon the plaintiff alleged exceptions.

*Plaisted & Clark*, for the plaintiff.

The plaintiff has not only the same right to the possession as the
defendant, but her possession is his.   *Ingraham* v. *Martin*, 15
Maine, 373.   *Bath* v. *Miller*, 53 Maine, 308.  ·

As is often the case, the action is not maintained, but the ˙ plain-
tiff is entitled to the possession which she now has, and judgment
for a return is not lawful.

*H. Hudson*, for the defendant.

APPLETON, C. J.   The plaintiff and defendant are co-tenants of
the property replevied.   If one takes the common property, the
other has no remedy by action, unless in case of unlawful conver-
sion or destruction.   *Strickland* v. *Parker*, 54 Maine, 322.   He may
take it back if he can, but the law is well settled that he cannot
maintain replevin, for one co-tenant has an equal right with the
other co-tenant to the possession.   *Hardy* v. *Sprowle*, 32 Maine,
322.   *Wells* v. *Noyes*, 12 Pick. 324.

The jury having found the fact of co-tenancy, and in favor of the
defendant, the presiding judge ordered a return.   This was the
necessary result.   The action not being maintainable, the parties
are to be restored to their condition before the suit was instituted.
Were it not so, a plaintiff, without right to maintain an action, would
have the same benefits as if he had the right.   He would succeed
in obtaining and retaining possession of the desired property by vir-
tue of a suit, which by law he had no right to bring, and in which,
having brought it, he is defeated.   The plaintiff, to recover, must
show he is the exclusive owner, and has an exclusive right to the
possession and ·control of the property replevied.   This he has failed
to do.   The right of the defendant is equal to his.   The goods
replevied were not " unlawfully taken or detained from the owner
or person entitled to the possession thereof."   They were right-
fully in the possession of the defendant, and the action not being

maintainable, must be restored to him. *Rogers* v. *Arnold*, 12 Wend. 30.

While the defendant is entitled to a return, yet, if the property replevied be not returned, the measure of damages would seem to be only to the extent of his interest. *Bartlett* v. *Kidder*, 14 Gray, 449.

The exceptions relate only to the order for a return. They present no question as to whether the wife could maintain a suit against her husband. None such has been argued by counsel, or is before us. *Exceptions overruled.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.