Hillsborough, June 25, 1941. } No. 3248.

ANNA JAKEL *v.* BROCKELMAN BROTHERS, INC.

*O'Connor & O'Connor (Mr. Denis F. O'Connor* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the defendant.

BRANCH, J. There is no controversy between the parties as to the rule of law applicable to this case. They agree that it is stated with substantial accuracy in 2 Restatement of Torts, Section 343. Under the rule there stated, the plaintiff was bound to prove, 1, that there was a dangerous substance on the floor of the defendant's store when she was injured, and 2, that it had been there long enough to charge the defendant with knowledge of its presence. The plaintiff attempted to prove the presence of a dangerous substance on the floor of the defendant's store by her testimony that when she looked after her fall she saw a "mark" on the floor which looked "wet and green." The evidence of the defendant's manager, called as a witness by the plaintiff was that there was a black "scuff mark" on the floor and nothing else. From the plaintiff's statement that the mark looked "wet and green" it is argued that the jury might have found that she slipped on a vegetable substance of some kind. Assuming this to be so, the testimony of the plaintiff fails to prove that this substance was on the floor before she fell.

The plaintiff herself testified that, on her way into the canned goods department a few minutes before the accident, she passed over the spot where she fell and saw nothing on the floor. She also testified that she saw the defendant's manager pass in and out over the

same spot three times within five minutes before she fell, but the manager testified that he saw nothing on the floor. Plaintiff's counsel, in order to charge the defendant with knowledge that vegetables might be found anywhere on the floor, developed at considerable length the theory that they might be tracked around the store on shoes of customers, but wholly failed to eliminate the possibility that the plaintiff had something on her foot when she fell. Having herself introduced this testimony, the plaintiff was not at liberty to disregard it. The possibility that some substance was adhering to the plaintiff's foot, was fully as consistent with her testimony as the possibility upon which she relies, namely, that there may have been some vegetable matter on the floor before her fall, and the jury was not at liberty "to determine by guess or conjecture between two equally probable causes of an injury, for one only of which the defendant is responsible. . . . Where the evidence discloses no connection between the injury and the alleged cause except a bare possibility that the former resulted from the latter, there is nothing for the jury where it is also possible that the injury may be due to other causes." *Ahearn* v. *Company*, 88 N. H. 287, 291, and cases cited.

The plaintiff also testified that, immediately after the accident, one of defendant's servants swept the floor where she fell. This testimony was denied by the servant who was charged with the sweeping, and plaintiff did not see what, if anything, was swept up. If this evidence were believed as establishing a suppression of evidence on the part of the defendant, the plaintiff was not thereby relieved from proving all essential facts upon which her case depended. "Proof that a witness is absent or that he has been kept away by the other side cannot take the place of proof of necessary facts." *Login* v. *Waisman*, 82 N. H. 500, 502, and cases cited.

In view of the conclusions here reached, it is unnecessary to consider the defendant's other exceptions.

*Judgment for the defendant.*

All concurred.