Municipal Court of Exeter,
No. 4394.

GORDON RAY & a. v. ARTHUR SANBORN.

Argued April 5, 1955.

Decided April 20, 1955.

*Robert Shaw* (by brief and orally), for the plaintiffs.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Bartram C. Branch* (*Mr. Branch* orally), for the defendant.

LAMPRON, J. There being no transcript of the testimony no

question relating to the sufficiency of the evidence to support the findings made can properly be raised. *Nelson* v. *Morse,* 91 N. H. 177, 178; *Willis* v. *Wilkins,* 92 N. H. 400, 403.

It is the position of the plaintiffs, however, that although the court made a general finding that defendant was not guilty of negligence it also made certain subsidiary findings which compel a ruling of negligence as a matter of law. The court found "that the defendant did not reduce his speed substantially in entering the curve upon which the collision took place." Plaintiffs argue that due to the hazards existing at the time, darkness, reduced visibility, icy condition of the highway and the curve, the defendant thus violated the requirements of R. L., *c.* 119, *s.* 30, as amended by Laws 1949, *c.* 286, *s.* 2, and his conduct constituted causal negligence as a matter of law. *Tufts* v. *White,* 92 N. H. 158.

The court also found "that speed was not an element or circumstance resulting in the accident" or "a causal factor in the injuries sustained." Richard Ray who was traveling at between 15 and 20 miles per hour could not stop before coming into collision with the rear of the Simonds car stopped ahead of him. The defendant with a car length less in which to stop did not bring his vehicle to a halt before colliding with the Ray car. We cannot say as a matter of law that a reasonable man must find that speed was causal. It being findable that violation by the defendant of R. L., *c.* 119, *s.* 30, was not causal of the accident plaintiffs are not entitled to verdicts as a matter of law. *Maiwald* v. *Company,* 93 N. H. 276, 278; *Bellemare* v. *Ford,* 94 N. H. 38, 42; *Wentworth Bus Co.* v. *Sanborn,* 99 N. H. 5, 7.

The court, over plaintiffs' objection, admitted the testimony of a passenger in defendant's car that at the time of the accident the defendant did everything he could under the circumstances to avoid the collision. This was opinion evidence and was not improper. *Sanders* v. *Welch Company,* 92 N. H. 74, 81; *Dimock* v. *Lussier,* 86 N. H. 54, 59; *Reed* v. *Nashua Buick Company,* 84 N. H. 156, 161. The preliminary question of the qualification of the witness was for the Trial Court, as to which no abuse of discretion is apparent.

*Judgments for the defendant.*

All concurred.