Hillsborough,
No. 4730.

OSCAR PRATTE, d/b/a JOY BAR MUSIC CO.

*v.*

SPIROS A. BALATSOS, d/b/a JOY BAR LUNCHEONETTE.

Argued June 2, 1959.

Decided June 30, 1959.

BILL IN EQUITY, seeking a decree permanently restraining the defendant from breaching an agreement between the plaintiff and Albert Larochelle, former proprietor of the business now conducted by the defendant, which related to the use and operation of the plaintiff's coin machine record player and equipment in the place of business. The case was originally tried in the Superior Court and then transferred here, first on exceptions by the plaintiff to the Court's ruling that the defendant was not bound by the contract. *Pratte* v. *Balatsos*, 99 N. H. 430. We remanded it, and on this occasion the Superior Court found that the contract was binding, and the defendant excepted. The exceptions were overruled (*s. c.,* 101 N. H. 48) and the case was then again remanded to the Superior Court for a trial on the issue of the alleged damages suffered by the plaintiff between the date of the removal of his machine from the Joy Bar Luncheonette on or about September 15, 1954, and May 30, 1957. The Court rendered a verdict for the plaintiff for $2,000. The defendant excepted to the denial of his motion made

before hearing that the case be dismissed, and during the hearing he excepted to the admission and exclusion of evidence. After the verdict, the defendant excepted to the amount of it, as conclusively against the weight of the evidence.

*Ernest R. D'Amours* for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Frederick T. Greenhalge* (*Mr. Greenhalge* orally), for the defendant.

BLANDIN, J. The first question presented by the record is the defendant's claim that since the plaintiff had assigned all his rights under the original contract with Larochelle to Recreation Vending, Inc. for $2,400 on July 19, 1957, prior to the hearing on damages, he has no interest in the present action. At best, the defendant claims, the plaintiff is only a nominal party and the Vending Company, being "the true party at interest," should have been joined as a plaintiff. Since this was not done, the defendant asserts he is entitled to judgment.

An examination of the assignment in question shows that in addition to the usual terms it expressly states that the original of the contract "is in the hands of the Clerk of the Superior Court as an exhibit in the case of *Oscar Pratte* v. *Spiros A. Balatsos,* delivery of which original shall be made by me to Recreation Vending, Inc., when said case is finally adjudicated as to damages due said Oscar Pratte from said Spiros A. Balatsos."

Beneath the plaintiff's signature is a so-called "acknowledgment of Spiros A. Balatsos," the material portions of which state that the defendant "hereby acknowledge[s] full notice of the above described assignment which I have read and understand and which will not be used by either Oscar Pratte or myself in connection with the issue now pending between us as to the amount of damages that the Superior Court may award to said Oscar Pratte in our case now pending." This remains unexecuted by the defendant.

It is obvious from the wording of the assignment and the fact that the Vending Company, though aware of the situation, made no claim to damages, that the chose in action was not assigned. It follows the company has no interest in this action. *Jones* v. *Herbert,* 77 N. H. 282; *Hanna* v. *Florence Iron Co.,* 222 N. Y. 290,

302. The Court acted properly in refusing to join the company or to dismiss the plaintiff's case (*Scamman* v. *Sondheim,* 97 N. H. 280; *Poisson* v. *Manchester,* 101 N. H. 72), and the defendant's exception thereto is overruled.

The defendant next contends that the Court erred in admitting testimony of the plaintiff's accountant. It appears this witness, who prepared the plaintiff's income tax returns, testified as to certain conclusions drawn from his examination of the plaintiff's books and illustrated his deductions by a chart. See *State* v. *Ellard,* 95 N. H. 217, 221. The plaintiff testified as to the authenticity of his books, which he kept himself, and that the entries were in the regular course. Both he and the accountant were in court subject to cross-examination, and so were the books. The record discloses that they were turned over to the defendant's counsel, who examined them, though he did not seek to introduce them. Much extraneous matter was contained in the books, and in the circumstances no reason appears why the court's records should have been encumbered with them. The evidence appears clearly admissible. *State* v. *Ellard, supra,* 221; V Wig., Ev. (3d ed.) s. 1530, 1957 Supp., *pp.* 74, 75; *Id.,* s. 1560, *p.* 416; see *Geralds* v. *Champlin,* 93 N. H. 157, 160. It follows the defendant's exception to this evidence cannot be sustained.

There remains to be disposed of the defendant's contention that the damages awarded were "conclusively against the weight of the evidence." *Wisutskie* v. *Malouin,* 88 N. H. 242. In so doing the defendant relies upon the following questions and answers in cross-examination at the hearing on damages in March, 1958:

"Q. Oscar, the juke business has been going down pretty much?

"A. I'm doing better than I ever did, sir.

"Q. You are *now?*

"A. *Now.*" (Emphasis supplied.)

The accountant's testimony fixed the loss to the plaintiff from September 15, 1954, to May 30, 1957, at $2,846.79. The defendant argues that the plaintiff would never have "sold" the contract for $2,400 in July, 1957, when it had about ten years to run, if business had been as good as claimed. He argues that the amount of the verdict is "unreasonable because it does not reflect any consideration of an extremely damaging admission against interest of the plaintiff upon cross-examination regarding the sales price of the lease." We cannot accept this contention. In the first place, the defendant's testimony that business had never been better ob-

viously related to March, 1958, and not the previous July when the contract was assigned. Again, if there could be said to be any conflict between the plaintiff's statement on cross-examination and his books, upon which the accountant's conclusions were based, this was for the Court to resolve. *Walter* v. *Hagianis*, 97 N. H. 314. Since the amount of the verdict was within reason and not conclusively against the weight of the evidence, it must be upheld. *Roy* v. *Levy*, 97 N. H. 36, 40. The order is

*Judgment on the verdict.*

All concurred.