Rockingham,
No. 5590.

PAUL GOBBI

*v.*

JOHN MOULTON.

Argued March 8, 1967.
Decided June 30, 1967.

*Robert A. Shaines* and *Paul McEachern* ( *Mr. McEachern* orally ), for the plaintiff.

*Myron D. Rust* and *James H. Dineen* ( of Maine ) for the defendant, filed no brief.

LAMPRON, J. The master's report read in part as follows:
" The plaintiff was the owner of a two room cottage situated on a back road in Dover . . . The premises, with the consent of

the plaintiff, had often been used by the defendant and others for general get togethers and social times.

"On the night of March 13, 1964, or early morning of the 14th, the defendant drove to the cottage alone and entered. He had been drinking. The premises were equipped with both a wood stove and a kerosene stove. The defendant tried to get the kerosene stove started. After he lit the stove, he noticed there was kerosene in the tray which exploded and set the camp on fire. The defendant got out of the cottage and went back to his car parked along the roadway. During the course of the burning of the cottage the police arrived on the scene and found the defendant drunk and asleep in the car.

"The cottage was totally destroyed by the fire.

"The burden of proof rests upon the plaintiff to establish that the fire was caused by the negligence and carelessness of the defendant. The fact that the defendant may have been drunk at the time, of itself, does not meet that burden. The only evidence as to how the fire actually started is the defendant's own statement. The mere fact that he attempted to light the kerosene stove did not constitute negligence. His testimony is that he did not notice the kerosene in the tray until after he had lit the stove, and it was then too late as the stove exploded. There is no evidence upon which the Master could find that a reasonable prudent man would have noticed the oil in the tray.

"The following day the defendant was arraigned before the Dover District Court on a charge of drunkenness, to which he plead guilty.

"The Master finds and rules that the plaintiff failed to meet its burden of proving that the fire that destroyed the plaintiff's property was caused by the negligence or carelessness of the defendant."

A statement made by the defendant to the Dover police was introduced in evidence by the plaintiff. It read in part as follows: "I went into the camp and I tried to get the little kitchen cook stove started, this is a kerosene stove. Someone had fooled with this stove as there was kerosene all over the drip tray. I didn't notice this until I had light the fire. As soon as I lit it, it exploded pop on me. The flames went right up in the air, and filled the whole room. I tried to pull the stove out of the camp but couldn't as the fire was really going then."

The plaintiff does not quarrel with the findings of fact made

by the master but contends, however, that the master erroneously concluded therefrom that the plaintiff had not met the burden of proving that defendant's negligence caused the fire. He argues further that the master's statement in his report that "there is no evidence upon which the Master could find that a reasonable prudent man would have noticed the oil in the tray" is equivalent to a directed verdict for the defendant and therefore erroneous.

Plaintiff's position is bottomed mainly on the principle of *res ipsa loquitur*. "This doctrine does not do away with the well established rules of law that a person asserting negligence has the burden of proof and that the mere fact of injury does not indicate negligence on the part of anyone." *Smith* v. *Company*, 97 N. H. 522, 524. "There is no magic to the doctrine . . . It draws nothing out of a hat for the avail of any litigant." *Gillen* v. *United States*, 281 F. 2d 425, 427 (9th Cir. 1960). "It is merely a rule of evidence relating to the mode of proof and not a substantive rule of law." *Smith* v. *Company, supra*; *Lowman* v. *Housing Authority*, 150 Conn. 665, 670.

One of the requirements for its application "that the occurrence be one which ordinarily does not happen without negligence is . . . only another way of stating an obvious principle of circumstantial evidence: that the event must be such that in the light of ordinary experience it gives rise to an inference that some one must have been negligent." Prosser, Law of Torts, *s.* 39, *p.* 218 (3d *ed.* 1964); *Zellers* v. *Chase*, 105 N. H. 266, 267; *Sanzari* v. *Rosenfeld*, 34 N. J. 128, 140; *Lazarus* v. *Eastern Air Lines*, 292 F. 2d 748, 750 (D. D. C. 1961).

If, as maintained by the plaintiff, *res ipsa loquitur* applied to this incident, proof of the circumstances attending the accident would be sufficient in itself to permit the trier of fact to find the defendant negligent. *United States* v. *Ridolfi*, 318 F. 2d 467, 470 (2d Cir. 1963). "The result is simply that such proof, without proof of further facts tending to show negligence, satisfies the plaintiff's duty of producing evidence sufficient to permit the . . . court or jury . . . to draw an inference of negligence." *Lowman* v. *Housing Authority*, 150 Conn. 665, 670; Annot. 167 A.L.R. 658, 659.

However the plaintiff's evidence in this case included also the defendant's written statement of his conduct in starting the fire, which, if believed by the master, would warrant the inference that the happening was not due to defendant's negligence. In this

situation the plaintiff had the burden to prove, in addition to the fact that the damage was caused by a fire started by the defendant, some act of negligence by him in lighting the stove which caused the damage to plaintiff's property. 2 Harper & James, The Law of Torts, *s.* 19.5 *p.* 1077. This, plaintiff failed to do.

We agree with the master's ruling that "the mere fact that he [defendant] attempted to light the kerosene stove did not constitute negligence." See 4 Shearman and Redfield, Negligence, *ss.* 741, 744. There being no transcript of any oral testimony offered at the trial, we cannot say as a matter of law, on the record before us, that the master erred when he found in his report "there is no evidence upon which the Master could find that a reasonable prudent man would have noticed the oil in the tray." *Ray* v. *Sanborn*, 99 N. H. 438, 439, 440. In the absence of evidence of specific negligent conduct of the defendant, the master, as the trier of facts, could properly find and rule "that the plaintiff failed to meet its burden of proving that the fire that destroyed the plaintiff's property was caused by the negligence or carelessness of the defendant."

*Judgment for the defendant.*

All concurred.