Rockingham,
No. 6082.

ROBERT MOARATTY *v.* TOWN OF HAMPTON.

December 1, 1970.

*Shute, Engel & Frasier (Mr. Francis J. Frasier* orally), for the plaintiff.

*Perkins, Holland & Donovan* and *William H. M. Beckett (Mr. Beckett* orally), for the defendant.

GRIMES, J. This action in case to recover for property damage due to flooding of the plaintiff's property on February 25, 1965, alleged to have been caused by the negligence of the defendant in maintaining its drainage system, was tried only on the question of liability as a pilot case governing liability in five other cases. A jury returned a verdict for the plaintiff, and defendant's exceptions to denial of its motions for a nonsuit and directed verdict, to the court's charge, and to denial of its motions to set aside the verdict, were transferred by *Perkins, J.*

There was evidence that on February 25, 1965, with seven inches of snow on the ground, over three inches of rain fell along the New Hampshire coastal area in an eleven-hour period, and

it is undisputed that the plaintiff's property was damaged by water on that date because the town drainage system did not carry off enough of the surface water. The plaintiff claims this failure of the system to carry off the water was due to the negligence of the town in its maintenance of the system, while the defendant contends it was due solely to the overtaxing of the system by an act of God in depositing the unusual and unexpected amount of rainfall at this time of year. The plaintiff's claim is confined to negligent maintenance and there was no claim that the drainage system was improperly manufactured or designed.

Testimony disclosed that the drainage system in this area was designed to dispose of one inch of rainfall in twenty-four hours through catch basins which carried the water into leaching fields of crushed rock so that it could be absorbed into the ground as it ran out of openings at the pipe joints. If more water goes into the system than the leaching fields can absorb, it runs out of overflow pipes in the catch basins to an open-bottomed manhole to be absorbed into the ground. If more water enters the system than can be absorbed, the system will become blocked. There was evidence that the frozen ground not only caused more water to run off into the low areas than when the ground was not frozen but also prevented the water from being absorbed as rapidly by the system. An expert testified that the chances of a storm of the intensity of this one occurring at that time of year was once in two hundred years.

This is not a case of sewage backing up into a private drain which is legally connected to the sewer, as in *Mitchel* v. *Dover*, 98 N.H. 285, 99 A.2d 409 ( 1953 ), and cases cited, but is one where the surface water is not sufficiently drained off by a drainage system which was installed by the town. There is no evidence that the layout or construction of the street in any way disrupted or changed the natural flow of surface water so as to create a duty on the part of the city to construct and maintain the drainage system or that the existence of the drainage system created any greater danger of flooding to adjoining property than if no such system existed. The decision in *Allen* v. *Town of Hampton*, 107 N.H. 377, 222 A.2d 833 ( 1966 ), involving this same case was decided on the pleadings as a matter of law. It does not necessarily establish liability for negligent maintenance on the facts as disclosed by the evidence in this case.

It became the law of the trial in this case, however, that the town would be liable if its negligence in maintaining the system contributed to cause the damage, and the jury was so instructed. The plaintiff had the burden of proving that the defendant was negligent in the maintenance of the system and that the damage was caused at least in part by that negligence. *Soucy* v. *Manchester,* 78 N.H. 591, 98 A. 518 ( 1916 ). In considering whether there is evidence to support such findings, we consider the evidence most favorable to the plaintiff. We conclude that the evidence so considered will not support a plaintiff's verdict.

Negligence cannot be inferred from the mere fact of injury in the situation which existed in this case. *Rosenblum* v. *Griffin,* 89 N.H. 314, 197 A. 701 ( 1938 ). The only evidence of anything in the system which could have caused a blockage was that in the late afternoon of February 25 a piece of wood was found in the manhole along with some debris including leaves and sticks. There was evidence that the piece of wood could cause a blockage if it were to become lodged across the exit pipe. There was, however, no evidence that it was so lodged nor was there any evidence when it or any of the other material entered the system. Even if it could be found that the piece of wood caused a blockage, there was no evidence from which it could be found that the town had actual notice of its presence or that an obstruction had existed for such a length of time as to charge the town with such knowledge. *Rowe* v. *Portsmouth,* 56 N.H. 291 ( 1876 ). *See also Jakel* v. *Brockelman,* 91 N.H. 453, 21 A.2d 155 ( 1941 ); *Gobbi* v. *Moulton,* 108 N.H. 183, 185, 230 A.2d 747, 749 ( 1967 ).

There was evidence that in response to telephone calls, a town truck came and stopped by one of the catch basins but that the men did not get out of the truck but drove on without doing anything. If it were shown that there was a stoppage of flow due to an accumulation of material over the grate of the catch basin, the failure of the town employees to investigate this possibility and remove the obstruction would furnish a basis of liability. There was no such evidence, however, but on the contrary, one of the plaintiff's witnesses testified that he put an oar down into the catch basin and found the opening clear of obstruction. The evidence, therefore, fails to establish any causal connection between any possible negligence on the part of the crew of the town truck and the damage claimed.

There is no evidence from which it could be found that the flooding was caused by anything but the unusual and unexpected severity of the storm which overtaxed the system. There being no evidence that the flooding was caused by obstruction in the system or by any causal negligence on the part of the town in the maintenance of the drainage system the plaintiff cannot recover. *Soucy* v. *Manchester supra. See also Labor* v. *Public Service Co. of N.H.,* 92 N.H. 256, 29 A.2d 459 ( 1942 ). It follows that the motions for nonsuit and directed verdict should have been granted. This conclusion makes it unnecessary for us to consider other exceptions of the defendant.

*Judgment for the defendant.*

KENISON, C.J., did not sit; DUNCAN, J., concurred; GRIFFITH and LAMPRON, JJ., concurred in the result.