Manchester District Court
No. 6645

MERCHANTS NATIONAL BANK

v.

FRANCES ADAMS

January 31, 1974

*Edward R. Thornton* for the plaintiff, filed no brief.

*Clifford J. Ross* for the defendant, filed no brief.

PER CURIAM. This is an action in assumpsit to recover for sums allegedly due on a "Master Charge" credit card. A hearing before the district court resulted in a verdict for the defendant. After the trial, the plaintiff's motion to set aside the verdict "as being contrary to the evidence" was denied subject to exception. Some twenty-eight days after the evidence was closed, the plaintiff requested the court for specific findings of fact and rulings of law. This too was denied, and the plaintiff excepted. However, the court of its own motion did make certain findings and rulings. All questions of law raised by the foregoing exceptions were reserved and transferred by *William J. O'Neil,* district judge.

The record discloses that no written transcript of any of the proceedings before the court was requested or made. In this situation, no question as to the sufficiency of the evi-

dence to sustain the verdict can be raised, and the plaintiff's exception to the denial of its motion to set aside the verdict is overruled. *Ray v. Sanborn,* 99 N.H. 438, 113 A.2d 488 (1955). *See also Gobbi v. Moulton,* 108 N.H. 183, 230 A.2d 747 (1967).

The district courts have not promulgated rules regarding the filing of requests to be approved by the supreme court under RSA 502-A:19-a (Supp. 1972). However, it is unreasonable to conclude that the intent of RSA 502-A:17-a (Supp. 1972), was to allow a party an indefinite time within which to request the court to make findings and rulings upon a transfer to the supreme court. *Glover v. Baker,* 76 N.H. 393, 413, 83 A. 916, 929 (1912); *Hill v. State,* 107 N.H. 56, 61, 217 A.2d 502, 505 (1966). In denying the plaintiff's request, the district court reasonably relied upon Superior Court Rule 67 which the Manchester District Court had adopted. This specifies that all requests "must be submitted to the Presiding Justice at the close of the evidence." The plaintiff's exception to the court's action is overruled.

An examination of the entire record, including the exhibits, discloses no error, and the order is

*Judgment on the verdict.*