Merrimack
No. 7361

WALTER C. HARRISON AND
DOROTHY L. HARRISON

v.

CHARLES H. WATSON

STEENBEKE AND SONS, INC.

v.

WALTER C. HARRISON AND
DOROTHY L. HARRISON

August 31, 1976

*Sulloway, Hollis, Godfrey & Soden* and *Kenneth L. Robinson, Jr., (Mr. Robinson* orally) for the plaintiffs Harrison.

*Frederic T. Greenhalge,* by brief and orally, for Charles H. Watson.

DUNCAN, J.   The plaintiffs, Walter and Dorothy Harrison, brought suit against the defendant Charles Watson for breach of a contract to construct a prefabricated house. At the same time, and arising out of the same circumstances, Steenbeke and Sons brought suit against both the Harrisons and Watson to recover for materials used in the construction. Steenbeke sought a mechanic's lien to secure payment. Thereafter, Steenbeke settled with the defendant Watson in exchange for an assignment of Steenbeke's rights against the plaintiffs. Thus, the suits were reduced to an action in contract and a counterclaim on the assignment. Trial

without a jury before *Loughlin,* J., resulted in a general verdict for the plaintiffs in the amount of $5,923.59. In addition, the court ordered the mechanic's lien discharged. The questions of law presented by the defendant's exceptions were reserved and transferred by the presiding justice.

In March 1973, the plaintiffs and the defendant discussed the construction of a pre-cut log house to be built on the plaintiffs' property in Epsom, New Hampshire. The defendant furnished the plaintiffs with a handwritten memorandum which he terms a "proposal", detailing the expenses he anticipated. The original proposal called for a price of $23,300. However, after discussion the memorandum was revised to include construction of a fireplace at a cost of $1,000, bringing the total price to $24,300. The memorandum was never signed by either party and there was no other written agreement between the parties. The plaintiffs did however sign an agreement with ALTA Industries which was to furnish the basic materials for the house.

Based on the "understanding" of the parties the defendant began construction. Difficulties soon arose and, in July 1973, the defendant was dismissed. Through their attorneys, the parties partially resolved their difficulties and the defendant resumed work. Again, the plaintiffs were dissatisfied and dismissed the defendant. The plaintiffs have since incurred various costs to complete work on the house.

The issue presented is whether the plaintiffs may prevail in their action in contract or are limited to recovery in quantum meruit. The plaintiffs argue that there was a binding contract between themselves and Watson and that Watson breached the agreement and is liable for damages. Watson argues that there was no contract, but merely an offer which was never accepted by the plaintiffs. The trial court's finding and ruling that the offer was accepted and that a contract was entered into could reasonably be made upon the evidence, and are sustained. "A contract may be established by spoken or written words or by acts or conduct and where there is a disputed question of fact as to the existence and terms of a contract it is to be determined by the trier of the facts, provided there is any evidence from which it could be found there was a contract between the parties. *Maloney v. Company,* 98 N.H. 78, 82 [95 A.2d 129, 132 (1953)]." *Saucier Co. v. McVetty,* 107 N.H. 419, 421, 223 A.2d 520, 521 (1966); *H & B Construction Co. v. Irwin & Sons,* 105 N.H. 279, 198 A.2d 17 (1964).

In reviewing an award of damages, the court must view the evidence in a light most favorable to the party who prevailed in the trial court. *Moaratty v. Hampton,* 110 N.H. 479, 481, 272 A.2d 606, 608 (1970); *Gorman v. New England Tel. & Tel. Co.,* 103 N.H. 337, 343, 172 A.2d 372, 376 (1961). The damages claimed consisted of: out-of-pocket expenses incurred in completing the house ($2,678.33); amounts expended in grading and preparing a driveway ($1,365.10); overpayments on the original contract ($1,880.16); and additional expense to correct defective work and for rental value of the property for the period of loss of use after June 1, 1973 ($2,118.25).

While the defendant asserts that the verdict could only be made up of the first three items set forth above, the express findings of the trial court indicate that while the first and third items were allowed in full, the remaining items were allowed in part and denied in part in returning the general verdict.

In discharging the mechanic's lien, the trial court expressly found that it was "Watson's obligation to pay the indebtedness to Steenbeke . . .", and additionally that no monies were due at the time of notice, or thereafter became due. RSA 447:6.

There should be judgment on the verdict, unless credit due the defendant for work done on the barn, in the sum of $485.29 was omitted by oversight, as the defendant contends. Determination of this issue is a matter for the trial court.

*Remanded.*

All concurred.