Keene District Court
No. 7701

KATHARINE SULLIVAN

v.

DAVID RINGLAND

July 11, 1977

*Olson, McMahon & Rogers,* of Keene (*Mr. Lewis A. McMahon* orally), for the plaintiff.

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene, and *Joseph W. Worthen, II* (*Mr. Worthen, II* orally) for the defendant.

## MEMORANDUM OPINION

Katharine Sullivan, the plaintiff, seeks to replevy a dog (Gun Thunderhill Sully) in the possession of David Ringland, the defendant. A hearing was held in district court, but no transcript thereof was made. The District Court (*Richard J. Talbot,* Special Justice) denied replevin, and plaintiff's exceptions have been reserved and transferred.

The outlines of the dispute are clear enough. Plaintiff purchased Gun in early 1974, apparently as a birthday present for her then husband. Several months thereafter, Gun was registered in the names of plaintiff and her husband. Husband and wife separated and later divorced; the husband remained in the house with Gun and planned to take care of the dog until plaintiff had relocated. These plans were soon changed; one month after the separation, the husband made a gift of Gun to the defendant, thereby undoubtedly delighting defendant's young son (Kerry). When plaintiff learned of the gift, she instituted this action.

The district court found that at the time of the gift the husband and wife owned Gun jointly. In the absence of a transcript of the proceedings, we are not in a position to question the sufficiency of the evidence supporting this finding. *Merchants Nat'l Bank v. Adams,* 114 N.H. 46, 314 A.2d 664 (1974). The gift was effective to transfer the husband's interest. 20 Am. Jur. 2d *Co-*

598

*tenancy and Joint Ownership* § 94 (1965). In these circumstances, the law is clear that replevin against the donee of a cotenant will not lie. *Witham v. Witham,* 57 Me. 447 (1870); Annot., 93 A.L.R.2d 358 (1964). There was no error in denying the petition.

*Exceptions overruled.*