Belknap
No. 78-003

## Dana A. Wein & Sons

### v.

### Philip Keller & a.

September 18, 1978

*Carroll R. Hunter*, of Meredith, by brief and orally, for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Ernest T. Smith III* orally), for the defendants, Philip Keller and Eastern Land & Lumber Co., Inc.

LAMPRON, C.J. Action to recover the balance due for labor and materials furnished by the plaintiff to the defendants. Hearing before a Master (*Leonard C. Hardwick*, Esq.) resulted in a recommendation of a verdict for plaintiff in the amount of $14,000 which was approved by the Superior Court (*Batchelder*, J.). Defendants were represented at the hearing by defendant Keller, pro se.

The main issue to be decided is whether the master erroneously admitted evidence in the form of an exhibit (summary) presented by plaintiff to prove its labor charges.

The defendants employed the plaintiff as a general contractor to renovate an old farmhouse in New Hampton. The parties made no written contract and established few definite specifications. The work plan developed as the job progressed, with frequent alterations causing delays. After working for about two months, plaintiff withdrew its men and equipment from the site, with the renovations unfinished.

According to the plaintiff, its total costs were $32,208.70 consisting of material costs of $10,312.10 and labor charges of $21,896.60. Defendants made payments on account of $14,000.00.

 Even though the terms of their agreement were vague and unexpressed, the defendants admit that they are obligated to reasonably compensate the plaintiff for the materials and labor properly used and expended on their premises. 17 Am. Jur. 2d *Contracts* § 344 (1964); *see R. J. Berke & Co. v. Griffin, Inc.*, 116 N.H. 760, 367 A.2d 583 (1976). When faced with conflicting testimony, the trial court must determine what this amount should be. *O'Donnell v. Cray*, 109 N.H. 223, 225, 248 A.2d 83, 84 (1968).

As stated at the outset of this opinion, the defendants' main contention is that there was no competent evidence before the master as to the fair value of the labor provided by the plaintiff, alleged to be in the amount of $21,896.60. Their argument is based on an alleged violation of the best evidence rule because a summary in the form of an exhibit of the labor charges was introduced in evidence, instead of the original time records. Consequently, defendants maintain the verdict for the plaintiff cannot be supported.

The reasons advanced in support of the best evidence rule are the protection against mistaken or fraudulent transmissions of a writing itself or against intentional or unintentional misleading through the introduction of selected portions of a comprehensive set of writings to which the opponent has no access. C. McCormick, Evidence § 231 (4th ed. 1972).

Involved in this case were time slips of from five to eight carpenters, including overtime, extending from December 13, 1976, to January 31, 1977. The trial court could properly find that the introduction in evidence and examination of all these slips would present a difficult task and result in a cumbersome record.

Furthermore the plaintiff testified that the summary admitted in evidence was an accurate representation of the time slips themselves. The summary was admitted on condition that these slips be made available to the defendants during recess. The defendants admitted this was done. Thus the defendants were given the opportunity to inspect the slips themselves, compare them with the summary, and cross-examine the plaintiff pertaining to the accuracy of the summary, which was introduced in evidence.

■ Under the procedure adopted by the master, the purposes of the best evidence rule were maintained. The defendants were given the opportunity to protect themselves against mistaken or fraudulent transmissions of the original records, or deceit by the use of a portion only of the records, as the case may be. We hold that the master in the exercise of his discretion properly admitted the summary of the original slips containing plaintiff's labor charges. *Pratte v. Balatsos*, 102 N.H. 147, 149, 152 A.2d 609, 611 (1959); *see* Fed. R. Evid. 1006.

■■ Consequently there was proper evidence upon which the master could determine the reasonable value of the materials and labor furnished to the defendants by the plaintiff. The master could also determine on the record what allowance was to be made to the defendants for work not performed in a workmanlike manner. In reviewing the award made by the master, this court must view the evidence in a light most favorable to the party which prevailed in the trial court. *Harrison v. Watson*, 116 N.H. 510, 512, 363 A.2d 204, 205 (1976).

*Judgment on the verdict.*

BROCK, J., did not sit; the others concurred.