Rockingham
No. 79-310

WILLIAM H. LITTLE III

v.

TOWN OF RYE

September 3, 1980

*Griffin, Harrington, Brigham & Ritzo*, of Portsmouth, by brief for the plaintiff.

*Tetler & Holmes*, of Hampton, by brief for the defendant.

KING, J. This is an appeal by the Town of Rye from a decree of the Rockingham County Superior Court (*Mullavey*, J.) granting a variance to William H. Little and reversing a decision of the Rye Zoning Board of Adjustment. We uphold the court's decree.

Little purchased a vacant parcel of land in the Town of Rye in 1974. At the time of purchase, that lot was in a subdivision approved for residential use. In 1976, Little partially land-filled the lot and obtained a permit from the New Hampshire Water Supply and Pollution Control Commission for the installation of a septic system. In March of 1977, the Town of Rye enacted a Wetland Conservation Ordinance, and the plaintiff's lot was designated as part of the "wetland zone." Thereafter, Little applied for a residential building permit which was denied because of the location of his property in the "wetland zone." Little then applied for a variance from the Rye Zoning Board of Adjustment, but his

application was denied as was his petition for rehearing. Little appealed this decision to the superior court pursuant to RSA 31:77 (Supp. 1979). The superior court reversed the decision of the zoning board of adjustment and granted a variance to the plaintiff.

■ The Town of Rye now argues that the evidence presented at the superior court hearing was insufficient to support that court's findings. The trial court's decree was entered after a hearing in chambers, and no transcript was made of the proceeding. Because there is no transcript, the Town of Rye is precluded from raising the issue of the sufficiency of evidence to support the decree. *See McCrady v. Mahon*, 119 N.H. 247, 400 A.2d 1173 (1979); *Merchants Nat'l Bank v. Adams*, 114 N.H. 46, 314 A.2d 664 (1974). The only issue properly before this court is whether any error of law appears on the record before us. *McCrady v. Mahon supra; Thayer v. State Tax Comm'n*, 113 N.H. 113, 302 A.2d 824 (1973).

■ ■ A variance from a municipal ordinance may be granted "where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in an unnecessary hardship." RSA 31:72 III. This court has specifically delineated the standard which must be met in order to grant a variance. The trial court must find that:

> "1) no diminution in value of surrounding properties would be suffered; 2) granting the permit would be of benefit to the public interest; 3) denial of the permit would result in unnecessary hardship to the owner seeking it; 4) granting the permit would do substantial justice; 5) the use must not be contrary to the spirit of the ordinance."

*Ouimette v. City of Somersworth*, 119 N.H. 292, 294, 402 A.2d 159, 161 (1979). In the instant case, the superior court applied the appropriate standard and made a determination based on evidence before it that the denial of the variance by the board of adjustment was error as a matter of law. We conclude that the trial court did not err in applying that standard and therefore overrule defendant's exceptions.

*Affirmed.*

All concurred.