PER CURIAM.
 

 On June 24, 1996, Robert M. Prebor, the settlor and beneficiary of the prophetically named I Don’t Trust (the Trust), a Massachusetts business trust, commenced a voluntary Chapter 11 proceeding on behalf of the Trust.
 
 See
 
 11 U.S.C. § 1101
 
 et seq.
 
 (1993 & Supp.1998). The bankruptcy court approved the appointment of Joseph B. Collins as trustee and authorized a law firm in which Collins is a partner, Hendel, Collins & Newton (HCN), to serve as counsel to the trustee.
 

 Prebor subsequently became dissatisfied with the manner in which the bankruptcy estate was being administered and moved to dismiss the Chapter 11 case. Collins and HCN responded by filing (i) a motion for expedited determination based on the fact that the estate had insufficient funds to pay an upcoming insurance premium, and (ii) a limited objection requesting that dismissal be contingent upon full payment of administrative expenses incurred to date, including attorneys’ fees and the trustee’s commission. The bankruptcy court granted both motions without holding a hearing and awarded Collins and HCN compensation (including reimbursed expenses) in the amounts of $534.79 and $12,206.68, respectively.
 
 [1]
 

 Prebor moved for reconsideration and for the first time requested a hearing. The bankruptcy court agreed to rethink the matter but, after hearing oral arguments, refused to alter its earlier order; to the contrary, the court determined that the fees it had awarded were neither unreasonable nor duplicative. In rapid sequence, Prebor paid the award, the bankruptcy court dismissed the Chapter 11 case, and Prebor appealed.
 

 Following a hearing, the district court affirmed the bankruptcy court’s decision. While noting that the parties disagreed as to the appropriate standard of review, the district court treated the matter as an appeal from an award of fees and therefore scrutinized the bankruptcy court’s ruling for abuse of discretion. The court observed however, that it would have upheld the ruling as easily on plenary review.
 

 Prebor again appeals, arguing that the lower courts misapplied the proper standards and, in effect, compensated HCN for services that the bankruptcy trustee ought to have performed without the assistance of counsel; that the fee requests were not appropriately segregated; that the amounts awarded are unreasonable because the applicants’ services yielded no benefit to the bankruptcy estate;
 
 *3
 
 and that the bankruptcy court should have held an earlier hearing and permitted the examination of witnesses.
 
 [2]
 
 Discerning no reversible error, we affirm.
 

 The threshold dispute between the parties concerns the applicable standard of review. The appellant urges a de novo standard because, in his estimation, the bankruptcy court did not apply proper legal principles, that is, the court blurred the distinction between the appropriate duties of a Chapter 11 trustee and the trustee’s counsel. In an appeal from a bankruptcy court decision, this court—like the district court or the bankruptcy appellate panel—affords de novo review to the bankruptcy court’s conclusions of law.
 
 See In re Healthco Int’l, Inc.,
 
 132 F.3d 104, 107 (1st Cir.1997);
 
 In re DN Assocs.,
 
 3 F.3d 512, 515 (1st Cir.1993). Here, however, the pivotal issue involves the bankruptcy court’s award of reasonable fees—an area in which the court of first instance enjoys particularly great leeway.
 
 See Dickinson Indus. Site, Inc. v. Cowan,
 
 309 U.S. 382, 389, 60 S.Ct. 595, 599, 84 L.Ed. 819 (1940);
 
 In re DN Assocs.,
 
 3 F.3d at 515;
 
 In re Botelho,
 
 8 B.R. 305, 306 (1st Cir. BAP 1981). Apart from the appellant’s self-serving speculation, there is nothing in the record to suggest that the bankruptcy court did not appreciate the controlling legal rules, or, appreciating them, defied their dictates. Consequently, we uphold the district court’s determination that abuse of discretion is the applicable standard of review.
 
 See Reliance Steel Prods. Co. v. National Fire Ins. Co.,
 
 880 F.2d 575, 577 (1st Cir.1989) (noting that an appellant cannot avoid a deferential standard of review by the simple expedient of dressing factual disputes or judgment calls in “legal eostumery”).
 

 We turn next to the appellant’s contention that the bankruptcy court’s failure to hold an immediate, evidentiary hearing undermines the ensuing fee awards. Under the Bankruptcy Code, the bankruptcy court may, “after notice to the parties in interest and the U.S. Trustee and a hearing ... award to a trustee, an examiner, [and] a professional person employed [in compliance with statutory prerequisites], reasonable compensation for [their] actual, necessary services rendered.” 11 U.S.C. § 330(a)(1)(A) (Supp.1998). The words “after notice and hearing” denote notice and an opportunity for a hearing
 
 as appropriate in the particular circumstances,
 
 but a hearing—much less an evidentiary hearing—is not required in every instance.
 
 See
 
 11 U.S.C. § 102(1)(A)-(B) (1993) (providing that a hearing is not necessary if, after proper notice, a hearing is not seasonably requested by a party in interest, or if there is insufficient time for a hearing);
 
 In re Sullivan Ford Sales,
 
 2 B.R. 350, 354 (Bankr.D.Me.1980) (applying statute);
 
 see also Aoude v. Mobil Oil Corp.,
 
 862 F.2d 890, 894 (1st Cir.1988) (explaining that many matters can be adequately “heard” on the papers as long as the parties had “a fair opportunity” to offer relevant facts and arguments’ to the court and to confront their adversaries’ submissions).
 

 In the case at hand, the request for payment of the administrative claims, sent to the appellant, comprised the requisite notice. Prebor argues that he did not have an opportunity for a hearing at that time—but any error in failing to convene- a hearing was harmless: Prebor promptly requested reconsideration and the court unquestionably afforded him an opportunity to be heard with respect to the fee awards at that time. The holding of that hearing, even if belated, absolved any error.
 
 [3]
 

 See, e.g., Viqueira v.
 
 
 *4
 

 First Bank,
 
 140 F.3d 12,16-17 (1st Cir.1998) (citing other cases). That the hearing did not involve live testimony is beside any relevant point, for Prebor never specifically requested that the bankruptcy court hold an
 
 evidentiary
 
 hearing.
 

 The bankruptcy court’s ruling on the merits, too, is supportable. In considering the administrative claims, the bankruptcy court examined thirteen pages of detailed, itemized statements that described the work performed by both the Chapter 11 trustee and HCN to preserve, maintain, collect, and enhance the estate’s assets. This document consists of two separate sections, one enumerating the trustee’s efforts and the other enumerating the law firm’s efforts. The document lists the dates and descriptions of each service, the identity of the person who performed the service, and the time expended.
 

 We have examined the submissions and find them, prima facie, to be in order. The opposite pan of the scale is empty: the appellant offered no specifics in rebuttal; he did not identify a single supposedly miselassified item; he did not produce evidence that cast doubt upon the rates employed. On this rather one-sided record, we can hardly fault the bankruptcy court for finding the requested fees to be reasonable, properly differentiated as between trustee and counsel services, and beneficial to the bankruptcy estate.
 

 The primary thrust of the appellant’s remaining asseverations is that the demarcation between the services performed by Collins,
 
 qua
 
 trustee, and by HCN,
 
 qua
 
 counsel, is not clear, and that, consequently, the aggregate fees are inflated.
 
 [4]
 
 We do not agree. It is, of course, the fee applicant’s burden to demonstrate that the services for which remuneration is sought involve com-pensable service.
 
 See In re Shades of Beauty, Inc.,
 
 56 B.R. 946, 949-50 (Bankr.E.D.N.Y.1986);
 
 In re Four Star Terminals, Inc.,
 
 42 B.R. 419, 429 (Bankr.D.Alaska 1984);
 
 see also In re Smuggler’s Beach Properties, Inc.,
 
 149 B.R. 740, 743 (Bankr.D.Mass.1993). The services must be “sufficiently identified and explained.”
 
 In re First Software Corp.,
 
 79 B.R. 108, 111 (Bankr.D.Mass.1987). But where, as here, the applicant satisfies that entry-level burden, the objecting party relies on rhetoric as his sole rejoinder at his peril.
 

 To sum up, we agree with the lower courts’ assessment that the fee awards are reasonable and that the supporting documentation offers no evidence of misclassifieation or duplication of effort between the trustee and his counsel. We descry nothing in the record that would lead us to conclude that the lower courts committed any prejudicial error or abuse of discretion in arriving at their respective determinations.
 
 See In re Martin,
 
 817 F.2d 175, 182 (1st Cir.1987) (“The bankruptcy judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which [a discretionary] decision entails.”).
 

 One final matter requires our attention. The appellees beseech us to find Pre-bor’s appeal frivolous and sanction him pursuant to Fed. R.App. P. 38. We decline to consider the request. A party may not invoke Rule 38 by a reference in his brief, but, in the words of Rule 38, must initiate “a separately filed motion.” Because the appel-lees failed to file such a motion, we need go no further.
 

 Affirmed.
 

 [1]
 

 . We note in passing that the Code subjects trustees’ commissions (but not counsel fees) to a statutory cap.
 
 See
 
 11 U.S.C § 326(a) (Supp. 1998). The ceiling is computed as a percentage of the assets marshaled by the trustee for the benefit of creditors. In this instance, the statutory ceiling is approximately $1260, and the commission awarded is well below it.
 

 [2]
 

 . The appellees argue that Prebor's inartfully drafted notice of appeal targets only the bankruptcy court’s denial of his reconsideration motion, not the fee awards themselves, and that our review should be limited accordingly.
 
 See
 
 Fed. R.App. P. 3(c) (stating that the notice of appeal must designate the challenged order or judgment);
 
 see also Kotler v. American Tobacco Co.,
 
 981 F.2d 7, 11 (1st Cir.1992) (explicating operation of rule). Like the district court, we see no need to address this argument.
 

 [3]
 

 . Prebor posits that the impetuous granting of fees without a hearing disadvantaged him because, on a motion for reconsideration, he had the burden to convince the bankruptcy court that it had erred. This asseveration lacks force. While the bankruptcy court theoretically might have placed such a burden on Prebor, as the movant,
 
 see In re Sun Pipe Line Co.,
 
 831 F.2d 22, 25 (1st Cir.1987), the bankruptcy court here took no such step. As we read the record, the court applied exactly the same burdens and legal stan
 
 *4
 
 dards at the reconsideration hearing as were called for in connection with an original fee award proceeding.
 

 [4]
 

 . This line of argument focuses on the statutory cap applicable to trustees’ commissions,
 
 see supra
 
 note 1, and suggests that the appellees subverted the cap by "loading up" the counsel fee side of the ledger.