[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 01-9009

IN RE: MARIAN E. HAMPTON,

Debtor,

---

MARIAN E. HAMPTON,

Appellant,

v.

AHMED MAHIOUS,

Appellee.

---

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

---

Before

Lynch, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

---

Marian E. Hampton on brief pro se.
William G. Small and Berger & Small on brief for appellee.

---

February 27, 2002

---

**Per Curiam**.  Marian E. Hampton has appealed a decision of the Bankruptcy Appellate Panel (BAP) that affirmed a decision of the bankruptcy court declaring Hampton's debt to her ex-husband nondischargeable pursuant to 11 U.S.C. § 523(a)(6).  In an appeal from a BAP ruling, "we focus on the bankruptcy court's decision, scrutinize that court's findings of fact for clear error, and afford de novo review to its conclusions of law", giving "no particular deference" to the conclusions of the BAP tribunal.  In re Healthco Intern., Inc., 132 F.3d 104, 107 (1st Cir. 1997).

We have carefully reviewed the parties' briefs and the record before us.  The Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).  Hampton disputes the bankruptcy court's factual conclusions that the injury she caused was willful and malicious.  But, the bankruptcy court is "entitled to make reasonable credibility determinations," In re Strangie, 192 F.3d 192, 197 (1st Cir. 1999) and the bankruptcy court's conclusions were not clearly erroneous.  We, therefore, affirm the bankruptcy court's judgment, dated June 14, 2000, essentially for the reasons stated in the court's Memorandum of Decision of that same date.

The appellee not having submitted a separately filed motion pursuant to Fed. R. App. P. 38, his request recited in the

final paragraph in his brief for costs and damages for a frivolous appeal is denied.  <u>See</u> <u>In re I Don't Trust</u>, 143 F.3d 1, 4 (1st Cir. 1998).

<u>Affirmed</u>.