**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0783, <u>Burton D. Dow, III & a. v. Burton D. Dow, Sr. & a.</u>, the court on September 18, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Burton D. Dow, III and Jestine Olsen-Dow, appeal an order of the Superior Court (<u>Delker</u>, J.) granting a motion to enforce a settlement agreement in their quiet title action against the defendants, Burton D. Dow, Sr. and Addie Dow. They contend that "[t]here is insufficient evidence to support the finding that the parties agreed to the terms set forth in . . . the written settlement agreement."

We review a trial court's ruling that a settlement existed as a mixed question of law and fact. <u>Hogan Family Enters. v. Town of Rye</u>, 157 N.H. 453, 456 (2008). We will not overturn the trial court's ruling on a mixed question unless it is clearly erroneous. <u>Id</u>. If, however, the court misapplies the law to its factual findings, we review the matter independently under a plain error standard. <u>Id</u>. In reviewing a settlement agreement, we are mindful of the strong public policy favoring the settlement of civil matters. <u>Id</u>.

A valid and enforceable settlement, like any contract, requires offer, acceptance, consideration, and mutual assent. <u>Id</u>. Mutual assent requires that the parties have the same understanding of the agreement's essential terms and manifest an intent to be bound by them. <u>Id</u>. Such a meeting of the minds is present when the evidence, viewed objectively, indicates that the parties have assented to the same terms. <u>Glick v. Chocorua Forestlands Ltd. P'ship</u>, 157 N.H. 240, 252 (2008). The question of whether a meeting of the minds occurred is a factual question to be determined by the trier of fact, and, on this issue, we will sustain a trial court's findings and conclusions unless they are lacking in evidentiary support or tainted by an error of law. <u>Id</u>.

In this case, the trial court had ample evidence to support its conclusion that the parties assented to the essential terms of the settlement and manifested an agreement to be bound by them. The mediator testified that Dow, Sr. and Dow, III both stated that the issues were Olsen-Dow leaving the premises and Dow, III paying rent. The mediator further testified that, although the parties' claims against each other were brought up, they "certainly w[ere] not a significant issue in the discussions." The mediator, Dow, Sr. and one of Dow, Sr.'s

daughters, who was present during the mediation, all testified that the parties agreed that Olsen-Dow would leave and Dow, III would pay rent. The daughter also testified that the plaintiffs' attorney promised to call the court in the morning and cancel the scheduled trial.

Furthermore, the mediator testified that Dow, III and Olsen-Dow each told him that an agreement had been reached. Although Olsen-Dow subsequently testified that she did not believe an agreement had been reached, the trial court was not required to accept her testimony. See Town of Atkinson v. Malborn Realty Trust, 164 N.H. 62, 67 (2012) (stating trial court entitled to accept or reject, in whole or in part, testimony of any witness).

To the extent that the plaintiffs argue that negotiations between their attorneys after mediation concluded shows that no agreement was reached, we disagree. Although the settlement agreement contemplated Dow, III and the defendants negotiating the terms of a lease, this does not compel a finding that the parties had not reached a meeting of the minds on the essential terms of the settlement. See Hogan, 157 N.H. at 457-58 (stating provision that language of easement was to be negotiated by counsel did not render settlement agreement requiring conveyance of easement unenforceable, but merely imposed obligation to negotiate specific easement language in good faith). Nor does the parties' failure to sign the handwritten agreement at the end of the mediation compel a finding that no agreement was reached. See Harrison v. Watson, 116 N.H. 510, 511 (1976) (stating contract may be established by spoken or written words or by acts or conduct).

Upon this record, we conclude that the trial court's finding that "the parties did reach a settlement agreement on all material terms at the conclusion of the mediation" is supported by the evidence and not tainted by an error of law. See Glick, 157 N.H. at 252.

The plaintiffs argue that "[t]he written settlement document being enforced by the Court is considerably more detailed than a general agreement" reached in mediation because it contains the following provisions: (1) judgment to be entered for the defendants; (2) "[t]he [plaintiffs] waive all claims for compensation from the [defendants] for the revocation of the license to use the [defendants'] land"; and (3) Dow, III "shall indemnify and hold harmless the [defendants] from all damages resulting from the operations of the business." However, the record does not reflect that they raised this issue in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002).

Even if this issue were preserved for our review, we note that the day after the mediation, the plaintiffs' attorney sent the defendants' attorney a typed agreement and stated that the plaintiffs had agreed to sign it. The typed

agreement was substantially similar to the handwritten agreement as to the provisions identified by the plaintiffs, except that it provided that judgment would be entered for neither party. In fact, Olsen-Dow testified that the only difference between the handwritten agreement and her attorney's typed version was the removal of the handwritten agreement's reference to her children.

Accordingly, we conclude that the trial court's ruling that the handwritten settlement agreement is enforceable was supported by the record and not erroneous as a matter of law.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**