In re Roberto Feliciano ALVARADO d/b/a Supermercados Danny a/k/a Centro Ahorros, Debtor(s).

RG Premier Bank of P.R., Now Scotiabank of P.R., Appellant(s),

v.

Roberto Feliciano Alvarado, Appellee(s),

U.S. Trustee, Appellee.

Civil No. 11–1003 (DRD).
Bankruptcy No. 10–01324 (BKT).

United States District Court, D. Puerto Rico.

Sept. 30, 2011.

██

Maria S. Jimenez–Melendez, Maria S. Jimenez Melendez Law Offices, San Juan, PR, for Appellant.

Nydia Gonzalez–Ortiz, Santiago & Gonzalez Law Office, Yauco, PR, for Appellee.

Monsita Lecaroz–Arribas, U.S. Trustee Office, San Juan, PR, for Trustee.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is an appeal filed by creditor-appellant RG Premier Bank of P.R., now Scotiabank of P.R. (hereinafter "RGP" or "Appellant"), against the debtor-appellee Roberto Feliciano Alvarado (hereinafter "Feliciano" or "Debtor"), wherein RGP challenges the *Order* of October 18, 2010, entered by the Hon. Brian K. Tester, in Bankruptcy No. 10–01324(BKT), Docket No. 118, denying RGP's request for reconsideration of *Order* of September 13, 2010, Bankruptcy No. 10–01324(BKT), Docket No. 103, wherein the bankruptcy court denied RGP's secured status of its claim. For the reasons set forth below, the instant appeal is remanded to the bankruptcy court for further proceedings.

### Jurisdiction

This Court has jurisdiction to entertain the certification referred from the bankruptcy court under 28 U.S.C. § 158(a)(1).

### Standard of Review

On bankruptcy appeals, the district court reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)* 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995). "Under an abuse of discretion standard, a reviewing court cannot reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment' in the conclusion it reached upon a weighing of the relevant factors." *In re Hosseinpour–Esfahani,* 198 B.R. 574, 577 (9th Cir. BAP 1996), citing *Marchand v. Mercy Medical Ctr.,* 22 F.3d 933,

936 (9th Cir.1994). "Evidentiary rulings by the bankruptcy court are subject to the 'abuse of discretion' standard." *Williamson v. Busconi*, 87 F.3d 602, 603, n. 4 (1st Cir.1996), citing *United States v. Cotto–Aponte*, 30 F.3d 4, 6 (1st Cir.1994).

"The standard of review on this appeal requires that we respect, unless 'clearly erroneous,' all findings of fact by the bankruptcy court, which includes any finding of actual reliance and any raw fact findings pertinent to the issue of justifiable reliance. *Brandt v. Repco Printers & Lithographics, Inc.*, 132 F.3d 104, 107–08 (1st Cir.1997)." *In re Spadoni*, 316 F.3d 56, 58 (1st Cir.2003). "A court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard . . . to the opportunity of the bankruptcy court to judge the credibility of the witnesses. (Citations omitted).' " *Palmacci v. Umpierrez*, 121 F.3d 781, 785 (1st Cir.1997).

"A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.' " *Palmacci*, 121 F.3d at 785, citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Deference to the bankruptcy court's factual findings is particularly appropriate on the intent issue '[b]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor.' " *Id.* citing *In re Burgess*, 955 F.2d 134, 137 (1st Cir.1992). "Particular deference is also due to the trial court's findings that depend on the credibility of other witnesses and on the weight to be accorded to such testimony." *Id.* citing Fed.R.Bank.R. 8013; *Keller v. United States*, 38 F.3d 16, 25 (1st Cir. 1994).

Moreover, when the parties do not contest the findings of fact made by the bankruptcy court, the appeals court will not disturb them. *In re Joelson*, 427 F.3d 700, 702 (10th Cir.2005) ("Because the parties do not specifically contest the bankruptcy court's findings of fact, the court will not disturb this ruling on appeal"), citing *Jenkins v. Hodes (In re Hodes)*, 287 B.R. 561, 570 (D.Kan.2002), *aff'd*, 402 F.3d 1005 (10th Cir.2005).

### Issues

The issues before the Court are: (a) whether creditor RGP is allowed to perfect its security lien under the exception of the automatic stay provision, 11 U.S.C. § 362(b)(3); and, (2) whether the bankruptcy court erred by failing to rule on RGP's request to allow the perfection of the lien under 11 U.S.C. § 362(b)(3).

### Factual and Procedural Background

On February 24, 2010, Roberto Feliciano Alvarado filed for voluntary relief under Chapter 11 of the Bankruptcy Code. On June 30, 2010, RGP filed its proof of claim number 43 (hereinafter "Claim No. 43"), as secured guaranteed with Feliciano's real property. RGP's Claim No. 43 is supported with the following documents: (a) the mortgage note; (b) the mortgage deed; and (c) the loan agreement.

On July 16, 2010, Feliciano objected to RGP's Claim No. 43 on the grounds that RGP does not have a perfected security interest in its collateral. Feliciano further alleges that: (a) the secured claim is devoid of any evidence of the secured lien; (b) as of this date, the collateral offered by Feliciano to secure the mortgage note is not registered under Feliciano's name, but under the names of Víctor Manuel Velázquez Alvarado and Migdalia Colón Ortiz

(hereinafter "Velázquez–Alvarado"); [1] (c) it appears that Velázquez–Alvarado requested a re-measurement of the area, and the deed which clarifies and corrects the area was presented with the Property Registry but is still pending recordation; (d) the Registrar "rejected various documents to transfer the title to said property because of material defects in the documents presented ... They did not coincide with the ones registered and the documents were returned to the notaries for correction on August 25, 2009, granting time to correct the matter ... The time expired on October 26, 2009," *see* Docket No. 4, Exhibit No. 4–1, Civil No. 11–1003(DRD). Lastly, Feliciano requested that RGP's secured claim be disallowed as a secured claim, and that the amount of $88,185.69 claimed as secured under Claim No. 43 be reduced in the amount of $21,043.08, as RGP "has no basis for this charge." *Id.*

On August 13, 2010, RGP replied to Feliciano's objection to Claim No. 43, Docket No. 4, Exhibit No. 4–2, Civil No. 11–1003(DRD). RGP alleges that the mortgage deed executed in favor of RGP "has not been withdrawn." *See* Docket No. 4, Exhibit No. 4–2, Civil No. 11–1003(DRD). RGP further alleges that "Debtor foresees a problem because the deed of judicial sale that precedes debtor's deeds of purchase has been withdrawn and

there is no 'tracto registral' [track/rank record in the Property Registry] to record the property in debtor's name." *Id.* RGP prayed to the Court to issue an order allowing the presentation and registration of the judicial sale executed by First Financial Mortgage Caribbean Corp. d/b/a HF Mortgage Bankers (hereinafter referred to as "HF"), who acquired the property in a judicial sale, on or about August 10, 1999, whereupon HF paid the mortgage owed to Doral Mortgage Corporation (hereinafter referred to as "Doral"). *See* Claim No. 43, Exhibit No. 43–1, page 11, Bankruptcy No. 10–01324(BKT). [2] According to the supporting documents presented by RGP with Claim No. 43, the deed of the judicial sale dated August 10, 1999, was presented with the Property Registry for recordation, and was assigned the presentation number 185, Diary Book No. 529, Real Property No. 3634, at the Property Registry, Guayama Section. The Court notes that all the supporting documents are in the Spanish language. [3]

The Court further notes that Feliciano failed to contest the documents presented by RGP, as Feliciano only limits his objection to the secured status of Claim No. 43. As to the contested charge of $21,043.08, RGP filed an Amended Claim on August 10, 2010, wherein the amount of Claim No.

---

1. The Court notes that the original description of the real property states that the lot measurements is 492.72 square meters. The Velázquez–Alvarado requested a clarification of the lot area, and after being duly measured by a surveyor, a deed was presented to clarify the correct area of the lot. *See* Docket No. 4, Exhibit No. 4–2, pages 16–18 (hereinafter referred to as "Title Study of February 7, 2010," and Exhibit No. 4–3, pages 4–5) (hereinafter referred to as "Title Study of August 9, 2010"). A review of the title studies submitted by RGP with its Appellant's brief, Civil No. 11–1003(DRD), shows that after the original recordation of the real property, and the recordation of the first mortgage lien on June 23, 1994, all other deeds and documents pre-

sented thereafter are still pending recordation.

2. A review of the record shows that the bankruptcy court did not rule on RGP's request for an order allowing the recordation of the judicial sale executed by Doral on or about August 10, 1999.

3. For the reasons set forth below, the Court cannot accept the documents in the Spanish language, however, for the benefit of the parties, the Court has reviewed said documents as filed, and has included its comments to the same, as evidence presented.

43 was adjusted to $85,568.49 as follows: $84,189.92 owed for principal plus $1,830.39 owed for pre-petition arrearage. *See* Docket No. 4, Exhibit No. 4–4, Civil No. 11–1003(DRD).

On August 25, 2010, Feliciano filed a *Sur–Reply To Creditor RG Premier Bank Of PR Reply To Objection To Claim No. 43–1, see* Docket No. 4, Exhibit No. 4–5, Civil No. 11–1003(DRD). Feliciano's sur-reply is a rehash of the arguments presented on Feliciano's objection to claim, and reiterates that RGP does not have a secured lien on the collateral of RGP's mortgage, as RGP has failed to perfect its lien pursuant to the Puerto Rico Mortgage Law, and Rule 3001 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P."). Feliciano again reiterated his request to disallow Claim No. 43 as a secured claim. *See* Docket No. 4, Exhibit No. 4–5, Civil No. 11–1003(DRD).

On September 13, 2010, the bankruptcy court ordered that "Claim No. 43–2, in its entirety, is allowed as unsecured." *See* Docket No. 4, Exhibit No. 4–6, Civil No. 11–1003(DRD). The record shows that, on September 23, 2010, RGP moved the bankruptcy court for reconsideration of the *Order* of September 13, 2010, disallowing RGP's Claim No. 43 as secured. *See* Docket No. 4, Exhibit No. 4–7, Civil No. 11–1003(DRD). RGP reiterated its prayer to the bankruptcy court to allow the recordation of the judicial sale wherein Doral acquired ownership title of the real property, and then sold it to Feliciano, pursuant to the provisions of 11 U.S.C. § 362(b)(3), and *In re 229 Main Street Limited Partnership,* 262 F.3d 1 (1st Cir. 2001). RGP further insists that the deed of the judicial sale "in which Doral sold the property to debtor was presented and is still pending at the Registry." *Id.* Lastly, RGP argues that until the deed of the judicial sale is presented, the property

cannot be registered under Feliciano's name, which may be prejudicial to both the debtor and the debtor's estate. *Id.* The Court notes that RGP based its factual allegations on the title searches of February 7, 2010 and August 9, 2010.

On October 13, 2010, Feliciano filed a *Reply To Creditor RG Premier Bank of PR's Motion For Reconsideration, see* Docket No. 4, Exhibit No. 4–8, Civil No. 11–1003(DRD). Feliciano's reply is just another rehash of his prior arguments, with no documentary evidence in support of his contested arguments. The only new "argument" is as to the inapplicability of the automatic stay provision, 11 U.S.C. § 362(b)(3). On October 18, 2010, the bankruptcy court entered an *Order* which reads as follows: "Upon the reply by debtor (docket # 113), the motion filed by RG PREMIER BANK OF PR requesting reconsideration of order (docket # 108) is hereby denied." *See* Docket No. 4, Exhibit No. 4–9, Civil No. 11–1003(DRD). The Court notes that the bankruptcy court did not issue a ruling on RGP's request for an order allowing the recordation of the judicial sale deed which is pending since on or about August 10, 1999.

On October 28, 2010, a timely appeal was taken by RGP, and the case was assigned to the undersigned. *See* Docket No. 4, Exhibit No. 4–11, Civil No. 11–1003(DRD).

**Applicable Law and Discussion**

**A. Inapplicability of the Standard of Review.**

In the instant case, the Court finds that the above standard of review is inapplicable, as the bankruptcy court failed to enter findings of fact and conclusions of law, pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."). In a contested matter, as in an adversary proceeding,

"the court must find the facts specially and state its conclusions of law separately." Fed.R.Bankr.P. 7052(a)(1) is applicable to contested matters through Fed.R.Bankr.P. 9014(c).[4] The Court also refers to several treatises to enlighten the scope and application of Fed.R.Bankr.P. 7052 to the issue before the Court.

> Under Federal Rule of Civil Procedure 52(a), which is applicable to adversary proceedings and to contested matters under Rule 9014, findings of fact cannot be set aside unless clearly erroneous.
>
> . . .
>
> Findings of fact and conclusions of law need not be designated as such and need not be set forth in a separate document. Federal Rule 52(a) makes it clear that it is sufficient if there are findings and conclusions in an opinion or memorandum of decision.
>
> . . .
>
> Findings of fact and conclusions of law are unnecessary under Federal Rule 52(a), as to "motions under Rule 12 and 56 or any other motion except as provided in Rule 41(b)." Since most contested matters are brought on by motion, it would appear that findings of fact and conclusions of law are not necessary as to those contested matters. **There is no clear answer concerning whether the situation changes if a contested matter is initiated by an application or an objection. To be on the safe side, it would be desirable to have findings of fact and conclusions of law where evidentiary matters are considered.** (Emphasis ours).

11 Norton, William L., Jr., *Norton Bankruptcy Law and Practice 3d,* Fed. R.Bankr.P. 7052 (2011).

As to what constitutes a contested matter, Norton explains that under his analysis of Fed.R.Bankr.P. 9014 and its application to Fed.R.Bankr.P. 4001, "only when an objection is filed does the dispute become a contested matter proceeding." 11 *Norton Bankr.L. & Prac.3d,* Fed. R.Bankr.P. 9014. "Perhaps the meaning of Rule 9014 is that certain types of litigation, e.g. stay litigation under Rule 4001(a), which are not treated as adversary proceedings, are considered contested matters from the beginning." *Id.* Norton cited several examples, amongst them is "relief from stay." *Id.* "A dispute may arise, for example, by the filing of an objection to a claim of exemption or to a proposed disclosure statement." *Id.*

As to the need of making findings of fact and conclusions of law in a contested matter, Collier has stated:

> [W]hen a motion becomes a contested matter under Rule 9014, the requirement of findings becomes applicable, notwithstanding Rule 52(a)(3), since determination of the motion is a determination of the entire contested matter. Indeed, **when determination of a motion involves determination of factual issues and the basis for decision cannot be determined from the record, findings are appropriate.**
>
> . . .
>
> **The purpose of findings of fact is threefold: as an aid in the trial**

---

**4.** The Court finds that the *Order* of October 18, 2010, entered by the bankruptcy court, Docket No. 118, Bankruptcy No. 10–01324(BKT), is a final appealable order *albeit* without any findings of fact and conclusions of law, as provided by Fed.R.Bankr.P. 7052. Once again, the district court, sitting as an appeals court, has to complete an otherwise incomplete record. *See Greer, et al. v. O'Dell,* 305 F.3d 1297, 1302 (11th Cir.2002), which stands for the proposition that a bankruptcy court order disallowing a claim after being challenged by the debtor, is a final order appealable to the "District Court and to the Court of Appeals."

judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review.

If the obligation of the trial court under Rule 52(a) is not complied with, such as failure to make findings or the making of incomplete or conclusory findings on material issues, an appellate court will normally remand and vacate the judgment in order for appropriate findings to be made. Lack of findings is not jurisdictional and does not necessarily require a reversal of the judgment if a full understanding of the appellate issues can be determined without them.

. . .

As required by Rule 8006 of the Bankruptcy Rules, the findings of fact and conclusions of law and orders entered thereon are made part of the record on appeal and are to go to the district court (or bankruptcy appellate panel where applicable) on appeal from an order or judgment of the bankruptcy judge. (Emphasis ours).

10 *Collier On Bankruptcy* P. 7052.02, Matthew Bender & Company, Inc. 2011.

### B. Supporting documentary evidence in the Spanish language: Not Acceptable.

 Unfortunately, the Court cannot consider any documents attached to Claim No. 43, as the documents are in the Spanish language. Local Rule 5(g) of the United States District Court for the District of Puerto Rico, provides that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." *See also* Local Rule 30.0(e) of the United

States Court of Appeals for the First Circuit:

(e) Translations. The court will not receive documents or cited opinions not in the English language unless translations are furnished. Whenever an opinion of the Supreme Court of Puerto Rico (or other Commonwealth of Puerto Rico court) is cited in a brief or oral argument which does not appear in the bound volumes in English, an official, certified or stipulated translation thereof shall be filed. Unless the translation is filed electronically in compliance with the court's electronic filing system, three conformed copies should also be filed. Partial translations will be accepted if stipulated by the parties or if submitted by one party not less than 30 days before the oral argument. Where partial translations are submitted by one party, opposing parties may, prior to oral argument, submit translations of such additional parts as they may deem necessary for a proper understanding of the holding.

*See also Martínez–Burgos v. Guayama Corp.*, 656 F.3d 7 (1st Cir.2011) (Howard, J.); *Soto–Fonalledas, et al. v. Ritz–Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471 (1st Cir.2011) (Lynch, J.); *Puerto Rico For Puerto Rico Party v. Dalmau*, 544 F.3d 58 (1st Cir.2008) (Lynch, J.); *González De Blasini v. Family Department, as an agency of the Commonwealth of Puerto Rico, et al.*, 377 F.3d 81 (1st Cir.2004) (Torruella, J.); *United States v. Rivera–Rosario*, 300 F.3d 1 (1st Cir.2002) (Torruella, J.).

### C. Whether or not 11 U.S.C. § 362(b)(3) is applicable?

11 U.S.C. § 362(b)(3) provides in its relevant part:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the

Securities Investor Protection Act of 1970, does not operate as a stay—

. . .

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A).

The treatise of *Collier On Bankruptcy* also states that:

Section 362(b)(3) does not authorize the creation of new rights or interests for the creditor. **Instead, it merely permits perfection, or maintenance or continuation of perfection, free of the automatic stay,** that would otherwise be applicable, under circumstances in which the creditor's action would be effective against a trustee. (Emphasis ours).

The Court prefers to apply case law under Puerto Rico law, as the core of this matter depends on the provisions of the Puerto Rico Mortgage Law, in order to make a final determination on whether the exception to the automatic stay provided by 11 U.S.C. § 362(b)(3) is applicable to the instant case. However, the Court embraces the analysis made the United States Court of Appeals for the First Circuit (hereinafter referred to as "First Circuit"), (Selya, J.) of section 362(b)(3), in *In re 229 Main Street Ltd. Partnership,* 262 F.3d 1, 2–3 (1st Cir.2001).

In *In re 229 Main Street Ltd. Partnership,* 262 F.3d at 2–3, the First Circuit thoroughly analyzed the bankruptcy terms of "interest in property" as opposed to a "lien." The First Circuit held that "the term 'interest in property' is not synonymous with the term 'lien.' " *Id.* The facts in *229 Main Street* are similar to the instant

case in the sense that the parties do not contest the fact that Feliciano is the true owner of the collateral of RGP's mortgage, *albeit* his ownership title is not yet recorded in the Registry, but pending since its presentation. Both the sale contract and the mortgage deed were presented for recordation at the Property Registry several years prior to the filing of Feliciano's bankruptcy petition. The only contested matter in the instant case, similar to the issue in *229 Main Street, supra,* is whether or not a creditor that has a pre-petition lien may be allowed to perfect the lien post-petition. The First Circuit held that under 11 U.S.C. § 362(b)(3), the terms of "interest in property" and lien are specially important when determining the applicability of section 362(b)(3). The Court held:

It is an orthodox tenet of statutory construction that "where Congress includes particular language in one section of a statute, but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000) (quoting *Bates v. United States,* 522 U.S. 23, 118 S.Ct. 285, 139 L.Ed.2d 215 (1997)). Honoring this tenet, **we ascribe considerable significance to the fact that section 362(b)(3) uses the term "interest in property" rather that the term "lien."** Giving Congress's word choices their full effect is an especially attractive option here. **After all, the text of section 362(b)(3) is straightforward and leads to a perfectly plausible result.** That makes the case for plain meaning extremely compelling. *See Pritzker v. Yari,* 42 F.3d 53, 67–68 (1st Cir.1994) ("As a fundamental principle of statutory construction, we will not depart from, or other-

wise embellish, the language of a statute absent either undeniable textural ambiguity or some other extraordinary consideration, such as the prospect of yielding a patently absurd result."). **We therefore conclude that the term "interest in property" as used in section 362(b)(3) is broader than the term "lien."** ... (Internal citations omitted).

...

**But the mere fact that a lien is one kind of interest in property does not mean that a lien is the only kind of interest in property recognized by section 362(b)(3).**

...

**We hold that "interest in property," as that term is used in 11 U.S.C. § 362(b)(3), is unequivalent to, and broader than, the term "lien."** (Emphasis ours).

It is also particularly helpful the opinion of *In re Soto Ríos*, 420 B.R. 57 (Bankr.D.Puerto Rico 2009),[5] wherein the Court made a thorough analysis of the applicability of section 362(b)(3), and the trustee's rights and powers to avoid perfection of a lien under section 546, as well as the trustee's power to avoid a preferential transfer under section 547 of the Bankruptcy Code, made applicable under the Puerto Rico Mortgage Law.

In *Soto Ríos*, 420 B.R. at 68, the Court held:

To qualify for this particular exception [11 U.S.C. § 362(b)(3)], the trustee or debtor in possession must satisfy the following three (3) requirements: **(i) an act to perfect; (ii) an interest in property;** and (3) under the circumstances in which the perfection-authorizing statute

fits within the parameters of Section 546(b) of the Bankruptcy Code. *In re 229 Main St.*, 262 F.3d at 5. Thus, Section 362(b)(3) depends on the limitations imposed on the trustee's avoiding powers pursuant to Section 546(b) of the Bankruptcy Code. The purpose behind Section 546(b)(1) is to "protect, in spite of the surprise intervention of a bankruptcy petition, those whom State law protects by allowing them to perfect their liens as of an effective date that is earlier than the date of perfection." Alan N. Resnick & Henry J. Sommer, 5 *Collier on Bankruptcy* ¶ 546.03[1] (15th ed. 2009) quoting S.Rep. No. 989, 95th Cong., 2d Sess. 86–87 (1978), reprinted in App. Pt. 4(e)(1) 1978 U.S.C.C.A.N. 5787, 5872 infra; H.R.Rep. No. 595, 95th Cong., 1st Sess. 371–371 (1977) reprinted in App. Pt. 4(d)(i) 1978 U.S.C.C.A.N. 5963, 6327 infra. (Emphasis ours).

The bankruptcy court further held that to satisfy the first factor, the creditor must show that it has a "prepetition property interest" in the debtor's real property. *Soto Ríos*, 420 B.R. at 69. The bankruptcy court further held that the term " 'interest in property' is broader than the term 'lien' " as held *In re 229 Main St.*, 262 F.3d at 6, hence, the "creditor had the right to record various liens ... on debtor's real properties." *Soto Ríos*, 420 B.R. at 69. The bankruptcy court further held:

Creditor had a right to record various liens on three (3) of Debtors' real estate properties as result of three (3) mortgage notes and three (3) mortgage deeds which all had been executed well over two and a half years prior to Debtors' filing of their bankruptcy petition.

---

**5.** The Court notes that Soto Ríos took a timely appeal to the District Court, who affirmed the bankruptcy court's *Opinion and Order*, through an unpublished *Opinion and Order*, Docket No. 6, Civil No. 10–1023(JAG). Soto

Ríos also appealed the District Court's *Opinion and Order*, to the United States Court of Appeals for the First Circuit, No. 10–2270. Oral arguments were held on September 15, 2011.

Creditor's prepetition property interest in the real properties is based on taking all possible administrative steps (presenting the mortgage deeds to the corresponding Registrar of Properties well over two and a half years prior to Debtors' filing of their bankruptcy petition) in order for its property interest to be duly recorded by the Property Registrar so that their mortgage liens could become effective from the date the mortgage deeds were presented to the Property Registry pursuant to Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. § 2256.

*See also Gasolinas de Puerto Rico Corporation v. Keeler Vázquez, Registrar of the Property of Caguas,* 155 D.P.R. 652, 674–685 (2001). In *Gasolinas,* the Puerto Rico Supreme Court emphasized the importance of the presentation of the documents with the Registry in order to preserve "its priority or rank."[6] "In this sense, time is an essential factor, because the rank or precedence of the rights will be based on a specific chronology of events." *See Fn.4.* The Supreme Court further held that, under Section 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256, "[r]egistered titles shall become effective for third parties from the date of their registration." *See Fn.4.* "Thus, although registered titles become effective for third parties from the date of recordation, the date of their *presentation* shall be the decisive moment for this recordation to become effective, because *the effects of recordation in the Registry are retroactive to the specific date of presentation.*" Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral 5,* 8va ed., Barcelona, Ed. Bosch, 1995; Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* p. 188 (2000); *Ponce Federal Savings v. Registrador,* 105 D.P.R. 486 [5 P.R. Offic. Trans. 671] (1976). (Emphasis on the original).

As to the second factor required for the exception provided by section 362(b)(3) to apply, the bankruptcy court held:

The United States Court of Appeals for the First Circuit *In re 229 Main St.* held that, "section 362(b)(3) says that the filing of a bankruptcy petition does not automatically stay an act to perfect, the simultaneous postpetition creation and perfection of a lien may come within the pertinent exception to the automatic stay so long as the creditor holds a valid prepetition interest in the property." *In re 229 Main St.,* 262 F.3d at 9. In the instant case, pursuant to Article 53 of the Mortgage Law of Puerto Rico, 30 L.P.R.A. § 2256, the mortgage liens will be simultaneously constituted and perfected on the date the Property Registrar records the same. However, the constitution and perfection of the mortgage liens will relate back to the date the same were presented for recordation (registration) to the Property Registrar. **Moreover, it is important to note that, "the process of inscription begins when the mortgage deed is presented and recorded in the daily book of presentations kept by the Registrar. This entry is recorded in the daily books, applying the principle of prior tempore potior iure."** *Doral Mortg. Corp. v. Segarra–Miranda,* 412 B.R. 72, 74 (D.P.R.2009). Furthermore, " . . . registered titles become effective for third parties from the date of recordation, the date of their presentation shall be the decisive moment for this recordation to become effective, because the effects of recordation in the Registry are retroactive to the specific date of presentation." *Gasolinas de Puerto Rico Corporation*

---

**6.** This is an official translation graciously provided by the Puerto Rico Supreme Court.

*v. Vazquez,* 155 D.P.R. 652, 675 (2001) citing II Ramón M. Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral 5,* Barcelona, Ed. Bosch (8th ed. 1995); Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* pg. 188 (2000); *Ponce Federal v. Registrador,* 105 D.P.R. 486 (1976). Thus, Creditor's security interest in the real properties will be considered constituted and perfected as of the date of the presentation of the three (3) mortgage deeds. It is important to note that, Article 52 of the Mortgage Law of Puerto Rico requires that deeds be recorded by the Property Registrar within sixty (60) days after the date of their presentation, except "for just cause that is duly justified and admitted by the Director." 30 L.P.R.A. § 2255. However, this term is illusory, given the various types of situations that may fall under just causes pursuant to Article 66.2 of the Mortgage Law Regulations. Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* pg. 181 (2002). **In the majority of cases, three to five years elapse between the date of presentation and the date the Property Registrar qualifies the pertinent documentation.** *Id.* at 182. (Emphasis ours).

420 B.R. at 69–70.

In the instant case, the Court finds that only requirements one and two, under the analysis of section 362(b)(3) made in *Soto Ríos,* are applicable to our factual situation, as the documents presented before the Property Registry were allegedly presented years before Feliciano filed for relief under the Bankruptcy Code. Hence, the transfers provisions under the Bankruptcy Code are not applicable, as the statutory periods for any type of avoidance

have long elapsed. The record shows that RGP, as well as other prior creditors, have duly presented their documents for recordation *albeit* it appears that none of the presented documents have been recorded for reasons not clear in the record.[7]

In sum, the Court finds no need to go into the third factor of section 362(b)(3), as the documents presented by RGP are not subject to any avoidance by the trustee nor they constitute a preferential transfer, simply because the documents to secure RGP's collateral were presented years before Feliciano filed for bankruptcy.

In view of the foregoing, the Court finds that RGP has a potential secured claim which depends only on the provisions of section 362(b)(3), and on the bankruptcy court's discretion to allow the perfection of the security interest, pursuant to section 362(b)(3).

D. **The record on appeal is incomplete.**

 A careful review of the record on appeal clearly shows that there are inconsistencies which this Court finds that are determinative in rendering a decision on RGP's appeal. The Court finds that both title studies submitted by the parties, to wit, the February 7, 2010 and the August 9, 2010 studies, are incomplete and inconsistent. The Court further finds that the only way to fill the blanks to make an appropriate determination on whether or not RGP should be allowed to perfect its security interest, is to obtain a certified copy from the Property Registry regarding the recordation and presentation history of Feliciano's real property, from its inception in the Registry, as well as a track/rank history of the actions taken by the Registrar of the Property Registry as to this particular property. A certified

---

7. It appears from the title studies of February 7, 2010 and August 9, 2010, that all the documents pending recordation were presented years before Feliciano filed for bankruptcy.

copy from the Property Registry would have been, at the very least, the most legal effective way of complying with the best evidence rule. Rules 1001–1003, 1005 of the Federal Rules of Evidence. *See Airframe Systems, Inc. v. L–3 Communications Corp.*, 658 F.3d 100 (1st Cir.(Mass.) (September 14, 2011)).

In *Airframe Systems*, 658 F.3d 100, n. 9, the Court held:

> The Best Evidence Rule requires that a party seeking to prove the "content" of a writing must introduce the "original" or a "duplicate" of the original, unless it is established that (1) all originals have been lost or destroyed (absent bad faith by the proponent); (2) the original cannot be obtained; (3) the original is in the possession of an opposing party who refuses to produce it; or (4) the writing is not closely related to a controlling issue. *See Fed.R.Evid.* 1001–1004; *see also Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir.1986).

### Conclusion

For the reasons set forth above, the Court finds that RGP may have a potential secured claim. The Court further finds, however, that the record is incomplete and restricts the Court's appellate review of the appealed order, to wit: (a) the record is incomplete and devoid of sufficient evidence to make an appropriate determination on the applicability of 11 U.S.C. § 362(b)(3); (b) the documentary supporting evidence submitted by the parties is in the Spanish language, hence, the district court sitting as an appeals court, has not been placed in a position to consider the supporting evidence submitted by the parties in their briefs; and (c) the bankruptcy court erred in not making findings of fact and conclusions of law. Without the legal analysis of the bankruptcy court, the district court sitting as an appeals court, is impaired to accomplish its duty of performing an appellate review of the appealed order under the applicable standard of review, as set forth *infra*. Any attempt to act otherwise will result in a futile exercise.

In view of the foregoing, this matter is remanded to the bankruptcy court for further proceedings consistent with this *Opinion and Order*. Judgment will be entered accordingly.

IT IS SO ORDERED.