In re Nivea V. Perez MUJICA,
Debtor(s).

FirstBank Puerto Rico, Appellant(s),

v.

Nivea V. Perez Mujica, Appellee(s).

Civil No. 12–1413 (DRD).
Bankruptcy No. 09–07655 (ESL).
Adversary No. 10–00024.

United States District Court,
D. Puerto Rico.

April 9, 2013.

Juan L. Duquela Fuentes, Duquela & Zapata, LLP, San Juan, PR, for Appellant.

Rafael Moreno–Garcia, Moreno & Moreno Law Office, Trujillo Alto, PR, Rosana Moreno–Rodriguez, Moreno & Moreno Law Offices, LLC, San Juan, PR, for Appellee.

## AMENDED OPINION AND ORDER NUNC PRO TUNC

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is an appeal filed by creditor-appellant FirstBank Puerto Rico (hereinafter "FirstBank" or "Appellant"), against the debtor-appellee Nivea A. Pérez Mujica (hereinafter "Pérez" or "Debtor"), wherein FirstBank challenges the *Opinion and Order* of September 13, 2011, and the *Judgment* entered by the Hon. Enrique S. Lamoutte, in Adv. Proc. No. 10–00024(ESL), Docket entries No. 44 and 46, denying FirstBank's request for reconsideration through the *Opinion and Order* of May 9, 2012, Adv. Proc. No. 10–00024 (ESL), Docket No. 50. The bankruptcy court denied FirstBank's secured status of its claim. For the reasons set forth below, the instant appeal is dismissed.

### Jurisdiction

This Court has jurisdiction to entertain bankruptcy appeals under 28 U.S.C. § 158(a)(1).

### Standard of Review

On bankruptcy appeals, the district court reviews rulings of law *de novo* and findings of fact for clear error. *Prebor v. Collins (In re I Don't Trust)* 143 F.3d 1, 3 (1st Cir.1998); *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir.1995). "Under an

abuse of discretion standard, a reviewing court cannot reverse unless it has a 'definite and firm conviction that the court below committed a clear error of judgment' in the conclusion it reached upon a weighing of the relevant factors." *In re Hosseinpour–Esfahani, et al.,* 198 B.R. 574, 577 (9th Cir. BAP 1996), citing *Marchand v. Mercy Medical Ctr.,* 22 F.3d 933, 936 (9th Cir.1994). "Evidentiary rulings by the bankruptcy court are subject to the 'abuse of discretion' standard." *Williamson v. Busconi,* 87 F.3d 602, 603, n. 4 (1st Cir.1996), citing *United States v. Cotto–Aponte,* 30 F.3d 4, 6 (1st Cir.1994).

"The standard of review on this appeal requires that we respect, unless 'clearly erroneous,' all findings of fact by the bankruptcy court, which includes any finding of actual reliance and any raw fact findings pertinent to the issue of justifiable reliance. *Brandt v. Repco Printers & Lithographics, Inc.,* 132 F.3d 104, 107–08 (1st Cir.1997)." *In re Spadoni,* 316 F.3d 56, 58 (1st Cir.2003). "A court reviewing a decision of the bankruptcy court may not set aside findings of fact unless they are clearly erroneous, giving 'due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses. (Citations omitted)." *Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997).

"A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.' " *Palmacci,* 121 F.3d at 785, citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Deference to the bankruptcy court's factual findings is particularly appropriate on the intent issue '[b]ecause a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demean-

or of the debtor.' " *Id.* citing *In re Burgess,* 955 F.2d 134, 137 (1st Cir.1992). "Particular deference is also due to the trial court's findings that depend on the credibility of other witnesses and on the weight to be accorded to such testimony." *Id.* citing Fed.R.Bank.R. 8013; *Keller v. United States,* 38 F.3d 16, 25 (1st Cir.1994).

Moreover, when the parties do not contest the findings of fact made by the bankruptcy court, the appeals court will not disturb them. *Soto–Rios v. Banco Popular,* 662 F.3d 112 (1st Cir.2011); *In re Joelson,* 427 F.3d 700, 702 (1st Cir.2005) ("Because the parties do not specifically contest the bankruptcy court's findings of fact, the court will not disturb this ruling on appeal"), citing *Jenkins v. Hodes (In re Hodes),* 287 B.R. 561, 570 (D.Kan.2002), *aff'd,* 402 F.3d 1005 (10th Cir.2005).

### Issues

The issues before the Court are: (a) whether the bankruptcy court erred when finding that creditor FirstBank failed to meet the requirements of 11 U.S.C. § 362(b)(3), hence, the exception to the trustee's avoiding powers under 11 U.S.C. §§ 544(a) and 546(b)(1)(a) are not applicable; and, (2) whether the bankruptcy court erred by finding that "the mechanism which FirstBank will have to employ to correct the lack of successive tract for parcel # 1714, is to correct the errors notified by the Property Registrar for deed # 21 and to present to the Property Registry an amended or new deed pursuant to Article 72 of the Puerto Rico Mortgage Law. Once this amended or new deed has been presented to the Property Registry the principle of *prior tempore potior iure* will apply, meaning first in time is preferred in right, thus this amended or new deed will be registered at a subsequent date than the mortgage deed since the same was presented to the Property Registry at a later time in conformity with

Article 53 of the Puerto Rico Mortgage Law."[1] *Appellant's Brief on Appeal,* Docket No. 11.

### Factual and Procedural Background

The facts are uncontested, hence, the Court will adopt the findings of fact made by the bankruptcy court. *See Opinion and Order* of September 8, 2011, Docket No. 12–1413, pages 18–23.

On September 12, 2009, plaintiff Nivea V. Pérez Mujica filed for voluntary relief under Chapter 13 of the Bankruptcy Code under Bankruptcy Case No. 09–07655 (ESL). Ms. Pérez listed in Schedule A— Real Property, her 50% interest in a piece of realty where her residence is located:

"½ interest over residence located at Bo. Jiménez, Road 967 Km. 7.8, Río Grande, PR 00745. Description: 3 bedrooms, 2 bathrooms, living room, dining room & kitchen. Bought in 2004 at price of $130,000.00. Debtor has not been able to register her title. The previous owner, who sold the property to Debtor and Debtor's companion, were not able to register their own title. Thus, Debtor's purchase deed was not registered in the registry due to problems with the 'tracto' or the sequence in title. This has affected the value of the property. Debtor has appraised the property in $90,000. Debtor's participation is half of this." (Docket No. 1 in lead case [09–07655 (ESL) ]).

FirstBank filed a secured proof of claim No. 4–1, on September 24, 2009, in the amount of $145,192.83 of which $23,473.02 corresponds to arrearages and other charges. *See* Docket No. 1, pages 18–19. FirstBank included a copy of the mortgage note and the mortgage deed with its proof of claim.

Ms. Pérez filed an adversary proceeding on February 10, 2010 to challenge the secured status of FirstBank's claim on the following grounds: (a) "[t]he deed of purchase in which the previous owners, Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago, purchased this property [Ms. Pérez' real estate property], was not registered and the 'asiento de presentación' [presentation entry made at the Property Registry] lapsed. Consequently, debtor [Pérez] is not the registered title owner of the property and the mortgage deed between debtor and Pan American/FirstBank cannot gain access to the registry because of lack of 'tract' for this property. *See* Article 57 of Puerto Rico Mortgage Law, 30 L.P.R.A. § 2260;" and (b) "[a]t the time of the filing of the petition by debtor, the property was not encumbered by the mortgage deed in favor of FirstBank. The mortgage deed has not been recorded and accordingly, under applicable Puerto Rico Mortgage Law, First-Bank does not hold a secured lien. 30 L.P.R.A. § 2607." *See* Docket No. 1, page 19.

On November 1, 2010, Ms. Pérez filed a motion for summary judgment in the adversary proceeding based on the two arguments mentioned above. On November 5, 2010, the Ms. Pérez supplemented the motion for summary judgment to include "the title study of parcel # 1714, which is the original parcel from which lot # 13 (Debtor's real property) was to be segregated, dated October 29, 2010 (Docket No. 31 [Adv. Proc. No. 10–00024])." *See* Docket No. 1, page 19. FirstBank's opposition

---

**1.** The record shows that FirstBank set forth five alleged errors of law made by the bankruptcy court, Docket No. 11, *Statement of the Issues,* pages 5–7. The Court finds that the alleged errors of law are all intertwined, hence, they have been re-defined on two issues, to wit, federal bankruptcy law and Puerto Rico Mortgage Law, as applicable in bankruptcy.

and cross-motion for summary judgment followed on December 1, 2010. *Id.* at pages 19–20. In a nutshell, FirstBank alleges that: (a) "Section 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code creates an exception to the automatic stay for 'any act to perfect, or to maintain or continue the perfection of, and interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)' of the Bankruptcy Code, thus allowing for the post-petition perfection of mortgage liens or the maintenance or continuation of perfection of an interest in property that were properly presented to the Property Registrar before the filing of the bankruptcy petition;" (b) "FirstBank's mortgage deed was timely and properly presented to the Property Registrar before the filing of Debtor's bankruptcy petition, guaranteeing its secured status, thus it must be allowed to conclude efforts to complete perfection of its security interests over the real property;" (c) "Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256, is the applicable State statute which contains a relation-back mechanism which provides that a mortgage lien becomes effective against third parties from the date the mortgage deed was presented before the Property Registry, despite its registration at a later date;" (d) based on *Soto–Rios v. Banco Popular,* Civil No. 10–1023(JAG), Docket No. 6, the Court held that a secured creditor, who has filed its mortgage deed [with the Property Registry] prior to the filing of a bankruptcy proceeding creates a valid property interest which may be perfected after bankruptcy, hence not subject to the avoidance powers of the trustee; (e) FirstBank may take all the corrective measures under Sections 362(b)(3) and 546(b)(1)(A) of the Bankruptcy Code; and (f) FirstBank has a judgment on its behalf, however, **the state court "reserved its right to pronounce itself with respect to FirstBank's right to foreclose upon the property, until it submits evidence that the mortgage lien is duly recorded before the Registry."** (Emphasis ours). The bankruptcy court further found that "[g]iven that First-Bank's claim must be deemed secured as argued above, the Judgment has no effect upon FirstBank's secured status (Docket No. 34)." *See* Docket No. 1, pages 20–21.

The Court incorporates herein the *Uncontested Material Facts* from the bankruptcy court's *Opinion and Order* of September 13, 2011, for easy reference, as the parties have not contested the findings of fact made by the bankruptcy court. *See* Docket No. 1, pages 22–23.

Uncontested Material Facts

1. Plaintiff is the co-owner of a residential real property built in a lot of 1.0265 "cuerdas," located in Barrio Zarzal, in the Municipality of Rio Grande, Puerto Rico.

2. On June 14, 1993, deed # 21, was executed before Notary Public Salvador Pérez Mayol and presented before the Property Registry, Section III of Carolina on April 10, 1996. The purpose of the same was (a) to adjudicate property interest originating from a division of estate property amongst various heirs; (b) to segregate various lots from parcel # 1714, including lot # 13 which corresponds to Debtor's real property; and (c) for the rectification of size of real properties. This deed was notified as defective on November 30, 2005 by the Property Registrar and the same expired uncorrected on January 31, 2006 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

3. On March 20, 1999 deed # 9 was executed before Notary Public Sonia

Ríos Rosario and presented before the Property Registry on March 25, 1999. Through this particular deed four (4) heirs (Milagros Feliciano Pinto, Mildred Feliciano Pinto, Eliezer Feliciano Pinto and Edwin Feliciano Pinto) sold each their 25% pro indiviso property interest in lot # 13 to Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago. This deed was notified on November 30, 2005 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

4. On November 24, 2004 deed # 196 was executed before Public Notary Pedro Rivera Pérez, by which Miguel Santiago Soto and Yadel Marie Aquino Santiago sold lot # 13 to Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz. This particular deed was presented before the Property Registry on August 23, 2006. Said deed has not been notified by the Property Registry.

5. On November 24, 2004, Debtor and Francisco Núñez Muñoz executed a mortgage note in the amount of $126,100.00 in favor of Pan American Financial Corporation (Docket No. 34, Exhibit II).

6. On November 24, 2004, mortgage deed # 197 was executed between Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz and Pan American Financial Corporation before Notary Public Pedro Rivera Pérez to guarantee payment of the mortgage note. Said mortgage deed was presented before the Property Registry on August 23, 2006 and it has not been notified by the Property Registry (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

7. FirstBank acquired the $126,100.00 mortgage note executed in favor of Pan American Financial Corporation and is currently Debtor's creditor as evidenced by the above-referenced mortgage note with endorsement (Docket No. 34, Exhibit 4).

8. FirstBank filed a complaint against Debtor at the Court of First Instance, Río Grande Part, and obtained judgment against Debtor on May 13, 2009 (Docket No. 34, Exhibit 5–Copy of Judgment).

9. The referenced mortgage deed had not been recorded at the time of the filing of Debtor's bankruptcy petition.

The bankruptcy court granted Ms. Pérez' motion for summary judgment on the following grounds: (a) the parcel # 1714 "has an interrupted tract history which will prevent the Property Registrar from recording FirstBank's real estate mortgage on lot # 13, thus impending the simultaneous constitution and perfection of this mortgage, and relating back to the date it was presented for recordation (registration) to the Property Registrar pursuant to Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256;" (b) "Debtor's real property has not been segregated from parcel # 1714 nor has the property interest which originated from a division of estate property been adjudicate amongst the various heirs due to the fact that deed # 21 expired and does not form part of the Registry for parcel # 1714;" (c) pursuant to "Article 69 of the Property Registry, 30 L.P.R.A. § 2271, will have to deny registration of FirstBank's mortgage due to the lack of successive tract history and in conformity with Article 57 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2260, thus preventing the mortgage in controversy to relate back to the date it was presented for registration;" (d) "[t]his court finds that the mechanism which FirstBank will have to employ to correct the lack of successive tract for parcel # 1714, is to correct the errors notified by

the Property Registrar for deed # 21 and to present to the Property Registry an amended or new deed pursuant to Article 72 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2275 ["which shall become effective from the date of the new entry"]. Once this amended or new deed has been presented to the Property Registry, the principle of *prior tempore potior iure* will apply, meaning first in time is preferred in right, thus this amended or new deed will be registered at a subsequent date than the mortgage deed since the same was presented to the Property Registry at a later time in conformity with Article 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256. Thus, it follows that, FirstBank will also have to present its mortgage deed subsequent to the amended deed, given that a mortgage must be based on real estate which can be recorded and has been registered prior to the mortgage. *See* Article 157 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2553;" (e) "[i]n the instant case, the deed which lapsed (deed # 21) is essential because it was through this deed that lot # 13 (Debtor's real estate property) was segregated from parcel # 1714. Consequently, lot # 13 will not be registered as a different parcel until an amended or new deed has been presented to the Property Registry." *See* Docket No. 1, pages 32–33.

The bankruptcy court concluded that, based on the above analysis, the requirements of 11 U.S.C. § 362(b)(3) were not met, hence, "thus the exception to the automatic stay and the trustee's avoiding powers under Section 544(a) of the Bankruptcy Code are not applicable;" and (b) FirstBank does not have a validly perfected secured lien due to "falta de tracto" or the fact that there is a "missing link in the chain of titleholders" according to the information recorded in the Property Registry of the Debtor Pérez' real property. *See* Docket No. 1, page 33. *Judgment* was entered on October 26, 2011, Docket No. 1, page 15.

On November 9, 2011, FirstBank moved the bankruptcy court for reconsideration of *Judgment.* The bankruptcy court denied FirstBank's reconsideration request and FirstBank's cross-motion for summary judgment by the *Opinion and Order* of May 9, 2012, Docket No. 1, pages 8–14, based on the non-applicability of Article 69.1 of the Puerto Rico's General Regulations for the Implementation of the Mortgage and Property Registry Act Regulation No. 2676, § 870.282 ("Puerto Rico Mortgage Regulation"), and *Soto Rios v. Banco Popular,* 420 B.R. 57 (Bankr.D.P.R. 2009), *affirmed* 662 F.3d 112;[2] *RG Premier v. Roberto Feliciano Alvarado,* 463 B.R. 200 (D.P.R.2011). The following appeal ensued on June 1, 2013.

The bankruptcy court further found that when the Property Registrar notifies a defect in the documents presented for registration, the interested party has 60 days to correct the defect, as provided b Article 69 of the Puerto Rico Mortgage Law, "which mandates that '[i]f the defect is not corrected before the expiration of the sixty (60)–day period, the Registrar shall make a note of the expiration in the presentation entry ["nota de caducidad"] and at the

---

**2.** *Soto–Rios,* 662 F.3d at 114, Fn. 1:

Because the registry [Registry of the Property for Puerto Rico] has long suffered a substantial backlog, while this appeal [*Soto–Rios* ] was pending the Commonwealth of Puerto Rico enacted the "Property Registry Facilitation Act." Effective February 10, 2011, all documents presented as of April 30, 2010, with enumerated exceptions, are deemed registered as a matter of law. *See* 2010 P.R. Laws No. 216; P.R. Reg. for the Implementation Act No. 216. The effects of the new law have not been fully litigated in this case or in Puerto Rico generally.

bottom of the document.' 30 L.P.R.A. § 2272." *See* Docket No. 1, page 13. "The 'note of expiration in the presentation entry' ("nota de caducidad en el asiento de presentación") "expires" and extinguishes the presentation entry. *Derecho Registral Inmobiliario Puertorriqueño*, 2nd ed., Jurídica Editores, 2002, p. 326." "An expired/extinguished presentation entry produces no legal effect whatsoever, except that an interested party may pick up the unregistered documents at the Property Registry, *Id.* at 326." Hence, "contrary to FirstBank's contention, Article 69.1 of PR's Mortgage Regulation does not operate on an expired/extinguished presentation entry." *See* Docket No. 1, pages 13–14.

### Applicable Law and Discussion

The Court will only review *de novo* the conclusions of law made by the bankruptcy court, as the uncontested material facts stand uncontested, and are incorporated herein.

### Section 362(b)(3)

11 U.S.C. § 362(b)(3) provides in its relevant part:

The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

. . .

(3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title;

. . .

■ When considering the exception of 11 U.S.C. § 362(b)(3), the Court shall determine whether the following requirements are met, and this section limits the applicability of the automatic stay, to wit:

[S]ection 362(b)(3) provides that the stay does not extend to "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of [the Bankruptcy Code] . . ." Application of this exception to the stay depends upon the existence of three conditions: "there must be (1) an 'act to perfect' (2) 'an interest in property' (3) under the circumstances in which the perfection-authorizing statute fits within the contours of *section 546(b)*." *229 Main St.*, 262 F.3d at 4 (emphasis added).

. . .

For a creditor to enjoy this haven, "(1) the creditor must act pursuant to a law of general applicability; (2) the law must allow the creditor to perfect *an interest in property;* and (3) such perfection must be effective against previously acquired rights in the property." *In re 229 Main Street Ltd. Partnership*, 262 F.3d 1, 10 (1st Cir.2001) (emphasis added). The gist of this exception "is that the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection." *Id.* at 12 (quotations omitted). *Soto–Rios*, 662 F.3d at 116.

■ However, the test of Section 362(b)(3) is not a blank canvas to perfect a lien after the filing of the bankruptcy petition. It is settled that Section 362(b)(3) goes hand in hand by the applicable state law. In the instant case, the Court must look into the controlling state law, that is,

the Puerto Rico Mortgage Law, which governs the procedure to follow in order to secure and perfect a lien of a real estate property, bearing in mind that the perfection of a lien in bankruptcy is made through the federal statutes, as a perfection of a lien in bankruptcy is a matter of federal law. *Soto–Rios,* 662 F.3d at 117.

Local law ordinarily dictates the existence and extent of an entity's interest in property. *Id.* citing *229 Main St.,* 262 F.3d at 6; *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *see also In re The Ground Round, Inc.,* 482 F.3d 15, 17 (1st Cir.2007). We emphasize, however, that "interest in property" under sections 362(b)(3) and 546(b)(1)(A) is a federal statutory term, and "the meaning of [language under the Bankruptcy Code] is a matter of federal law." *See The Ground Round, Inc.,* 482 F.3d at 17.

### "Interest in Property" v. Lien

In *RG Premier Bank of P.R. v. Feliciano Alvarado,* 463 B.R. at 208–209, citing *229 Main St.,* 262 F.3d at 2–3, the Court reiterated the distinction made by the United States Court of Appeals for the First Circuit (hereinafter "First Circuit"), in *229 Main St.,* 262 F.3d at 2–3, as to the difference between "interest in property" and "lien." In *229 Main St.,* the First Circuit held that the term "interest in property" is not synonymous with the term "lien." *Feliciano Alvarado,* 463 B.R. at 208, citing *229 Main St.,* 262 F.3d at 2–3.

[W]e ascribe considerable significance to the fact that section 362(b)(3) uses the term "interest in property" rather that the term "lien." Giving Congress's word choices their full effect is an especially attractive option here. After all, the text of section 362(b)(3) is straightforward and leads to a perfectly plausible result. That makes the case for

plain meaning extremely compelling. *See Pritzker v. Yari,* 42 F.3d 53, 67–68 (1st Cir.1994) ("As a fundamental principle of statutory construction, we will not depart from, or otherwise embellish, the language of a statute absent either undeniable textural ambiguity or some other extraordinary consideration, such as the prospect of yielding a patently absurd result."). We therefore conclude that the term "interest in property" as used in section 362(b)(3) is broader than the term "lien." ... (Internal citations omitted).

. . .

But the mere fact that a lien is one kind of interest in property does not mean that a lien is the only kind of interest in property recognized by section 362(b)(3).

. . .

We hold that "interest in property," as that term is used in 11 U.S.C. § 362(b)(3), is unequivalent to, and broader than, the term "lien." (Emphasis ours).

*See also Soto–Rios,* 662 F.3d at 117.

■ In view of the foregoing, the Court finds that FirstBank has properly shown that it has an "interest in property," as opposed to a lien. The record shows that FirstBank has been unable to show the Court that it has a lien subject to be perfected, on two grounds, to wit: (a) FirstBank has failed to cure the defect notified by the Property Registrar within the 60 days provided by Article 69 of the Puerto Rico Mortgage Law, hence, the presentation entry is now extinct, since the period to cure the defect has elapsed; and (b) FirstBank has failed to show that it is indeed the successor in interest of Pan American Financial Corporation. Hence, the most that FirstBank has been able to show is that it has an "interest in property" based on an otherwise undated and unsupported endorsed note on the Mort-

gage Note executed on November 24, 2004, Docket No. 11–3, page 29. However, for the reasons stated above, an "interest in property" is not a lien. *229 Main St.*, 262 F.3d at 2–3, *Feliciano Alvarado,* 463 B.R. at 208.

### Incomplete Record on Appeal

The Court is once again faced with an incomplete record, as some critical documents are in the Spanish language, such as, several title studies related to Ms. Pérez's real estate property subject of this appeal, as well as Deed No. 197 executed on November 24, 2004, page 29, Docket No. 11–1, page 29, amongst others. In *Feliciano Alvarado,* 463 B.R. at 207, the Court held that supporting documentary evidence in the Spanish language is unacceptable, as it is contrary to the provisions of the Local Rule 5(g) of the United States District Court for the District of Puerto Rico, as well as Local Rule 30.0(e) of the United States Court of Appeals for the First Circuit, and the collection of cases cited therein, *Martinez–Burgos v. Guayama Corp.,* 656 F.3d 7 (1st Cir.2011) (Howard, J.); *Soto–Fonalledas, et al. v. Ritz–Carlton San Juan Hotel Spa & Casino,* 640 F.3d 471 (1st Cir.2011) (Lynch, J.); *Puerto Rico For Puerto Rico Party v. Dalmau,* 544 F.3d 58 (1st Cir.2008) (Lynch, J.); *Gonzalez De Blasini v. Family Department, as an agency of the Commonwealth of Puerto Rico, et al.,* 377 F.3d 81 (1st Cir.2004) (Torruella, J.); *United States v. Rivera–Rosario,* 300 F.3d 1(1st Cir.2002) (Torruella, J.).

As to FirstBank's request for perfection of lien, the Court notes that the bankruptcy court advised creditor FirstBank "[t]hat it does not appear from FirstBank's uncontested material facts the date when First-Bank bought from Pan American Financial Corporation the mortgage note with endorsement (Docket No. 34, Exhibit 4), thus it is unable to ascertain whether it was Pan American Financial Corporation or FirstBank who presented the mortgage deed to the Property Registry." *See* Docket No. 1, page 28, *Fn. 3.*

Furthermore, the Court is not persuaded by FirstBank's arguments, as the record is devoid of information and supporting evidence regarding the alleged successorship in interest of FirstBank of Pan American Financial Corporation. FirstBank simply alleges that it is entitled to perfect its lien. But that is not the issue. The issue is whether First-Bank has a lien or simply an "interest in property."

FirstBank belies that it is the successor in interest of Pan American Financial Corporation, without any supporting evidence, such as, as document wherein Pan American Financial Corporation designates FirstBank as its successor in interest and/or a document informing the substitution of parties and/or an affidavit transferring Ms. Pérez's mortgage note to First-Bank. There is simply nothing in the record as to FirstBank's allegation that it is the successor in interest of Pan American Financial Corporation. A general conclusory and unsupported statement is insufficient to make a finding that indeed FirstBank is the successor in interest of Pan American Financial Corporation. Hence, the Court fully agrees with the conclusion of the bankruptcy court that there is a missing link with the titleholders of Ms. Pérez' real estate property, which impairs FirstBank to perfect the alleged lien.

### Whether 11 U.S.C. § 362(b)(3) is applicable?

Lastly, the Court must determine whether the exception to the automatic stay provided by Section 362(b)(3) is applicable in the instant case.

As state above, the Court prefers to apply case law under Puerto Rico law, as the core of this matter depends on the provisions of the Puerto Rico Mortgage Law, in order to make a final determination on whether the exception to the automatic stay provided by 11 U.S.C. § 362(b)(3) is applicable to the instant case. FirstBank must show that it meets the three requirements under Section 362(b)(3), to wit: "(1) an 'act to perfect' (2) *'an interest in property'* (3) under the circumstances in which the perfection-authorizing statute fits within the contours of *section 546(b)."* *Soto–Rios,* 662 F.3d at 116.

In the instant case, FirstBank has failed to show that it has an "act to perfect," as it has failed to show that indeed it has a valid and enforceable lien recorded prior to the filing of the bankruptcy petition of Ms. Pérez. *See also Gasolinas de Puerto Rico Corporation v. Keeler Vázquez, Registrador de la Propiedad de Caguas,* 155 D.P.R. 652, 674–685, 2001 WL 1512702 (2001). In *Gasolinas,* the Puerto Rico Supreme Court emphasized the importance of the presentation of the documents with the Registry in order to preserve "its priority or rank." [3] "In this sense, time is an essential factor, because the rank or precedence of the rights will be based on a specific chronology of events." *See Fn.4.* The Supreme Court further held that, under Section 53 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 2256, "[r]egistered titles shall become effective for third parties from the date of their registration." *See Fn.4.* "Thus, although registered titles become effective for third parties from the date of recordation, the date of their *presentation* shall be the decisive moment for this recordation to become effective, because *the effects of recordation in the Registry are retroactive to the specific date of presentation.* Roca Sastre, *Derecho Hipotecario: Fundamentos de la Publicidad Registral 5,* 8va ed., Barcelona, Ed. Bosch, 1995; Luis R. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño,* p. 188 (2000); *Ponce Federal Savings v. Registrador,* 105 D.P.R. 486 [5 P.R. Offic. Trans. 671] (1976). (Emphasis on the original).

FirstBank has shown that it has an "interest in property" as it has an undated and unsupported endorsed mortgage note, Docket No. 11–3, page 29. However, an "interest in property" is not synonymous of a "lien." *Feliciano Alvarado,* 463 B.R. at 208, citing *229 Main St.,* 262 F.3d at 2–3. Under applicable Puerto Rico law, the creditor can perfect a lien but not an "interest in property."

As to the third requirement, the Court finds that it is inapplicable, as FirstBank does not have a lien subject to the exception of Section 362(b)(3).

In the instant case, the Court finds that only requirements one and two, under the analysis of section 362(b)(3) made in *Soto–Rios,* are applicable to our factual situation, as the documents presented before the Property Registry were allegedly presented years before Ms. Pérez filed for relief under the Bankruptcy Code. Hence, the transfers provisions under the Bankruptcy Code are not applicable, as the statutory periods for any type of avoidance have long elapsed.

In sum, the Court finds no need to go into the third factor of section 362(b)(3), as there is no evidence in the record of any documents presented by FirstBank. Hence, the Court finds that FirstBank failed to show that it has a secured claim and/or a lien subject to be perfected under Section 362(b)(3). Moreover, the Court

---

**3.** This is an official translation graciously provided by the Puerto Rico Supreme Court.

finds that based on the information and documents included in the record, the Court affirms the decision of the bankruptcy court, as FirstBank was unable to persuade the Court to otherwise rule.

### Conclusion

For the reasons set forth above, the Court finds that the exception to the automatic stay provided by 11 U.S.C. § 362(b)(3) is not applicable. The Court further finds that the record is incomplete, as FirstBank failed to show that it is the successor in interest of Pan American Financial Corporation, and failed to complete the missing link of titleholders in the Property Registry, a requirement to perfect a lien under applicable Puerto Rico Mortgage Law, and the documentary supporting evidence submitted by the parties is in the Spanish language, hence, the district court sitting as an appeals court, has not been placed in a position to consider the supporting evidence submitted by the parties in their briefs.

In view of the foregoing, the instant appeal is dismissed, and the decision of the bankruptcy court is affirmed. Judgment will be entered accordingly.

IT IS SO ORDERED.